بسم الله الرحمن الرحيم

In The UNITED STATES Eastern DISTRICT of ALEXANDRIA

THE UNITED STATES OF AMERICA - Plaintiff;

v.

ALI SHUKRI AMIN - Defendant;  Criminal No. 1:15-cr-00164-CMH-1



MOTION for DISCLOSURE of: GRAND JURY TRANSCRIPTS, BALLOT, or RECORD for INSPECTION; INDICTMENT; and CRIMINAL COMPLAINT

NOW COMES movant Ali Shukri Amin, acting in proper person, to respectfully request this Court to issue an "Order of Disclosure" for several essential documents pertaining to his criminal prosecution. The documents requested for disclosure are: grand jury hearing transcripts, ballot, or record for inspection; indictment pertaining to the criminal charge; and criminal complaint.

In support of the foregoing, the movant states the following facts:

I . REASONS (INJUSTICE ARGUMENT)

a) Capital or infamous crimes may not be charged against any person without presentment of an indictment by a grand jury of his peers;

b) Grand jury transcripts, ballots, and records must be available for inspection so as to determine the validity of those proceedings;

c) An affidavit of criminal complaint is required to establish probable cause of any potential criminal conduct;

d) Without an indictment, no criminal complaint may be filed;

e) Without a criminal complaint, no jurisdiction is established;

f) If jurisdiction is not established, no arrest warrant or summons may be used to detain a person;

g) If the Rules of criminal procedure are significantly violated, a person's due process rights are violated;

h) Due process includes "life, liberty, and the pursuit of happiness" or "property" which are stripped by incarceration;

i) Amin was convicted of "Conspiracy to Provide Material Support to a Foreign Terrorist Organization" 21 United States Code, section 2339, subsection (b);

j) Without disclosure of the requested documents, movant cannot ascertain whether or not his due process rights were upheld;

k) Their absence on the court's docket indicates injustice;

k) The hearings pursuant to some or all of these documents and their inclusion on the record were not docketed by the court, and;

l) Movant is financially incapable of procuring these documents without the court's assistance.

II . REQUEST for RELIEF

Movant requests the following documents for disclosure:

a) Grand Jury Transcripts;

b) Grand Jury Ballot;

c) Grand Jury Record;

d) Indictment;

e) Criminal Complaint, and;

f) Juvenile Waiver.

III . GROUNDS

A potential injustice is suspected and is argued. Movant believes that his arrest and prosecution may have been in violation of the constitution's Fourth Amendment. If the required documents for a valid arrest were not present, Federal Statutory rights were violated. The argument arises from the fact that some are currently not docketed in the court's record. A sound Affidavit of Criminal Complaint seems to be non-existent, according to the court's docket. Such an absence of Complaint would mean that essential facts constituting the jurisdiction to determine the charges are also absent. Under Federal Rules of Criminal Procedure Three (3) and Four (4), the purpose of such a Complaint is to enable the appropriate magistrate to determine whether the required probable cause to support a warrant exists. [Giordenello v. United States, 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245]

The absence of those documents means that the government, in its prosecution, failed to comply with the rules prescribed under the authority of Congress. In the acts of June 29th, 1940 ch. 445, 18 USC (former) statute 687 and statute 3771, Congress detailed the proceedings in a criminal case prior to and including the verdict. By failing to comply, the Fifth Amendment of the Constitution and the laws of the United States are violated. Implicitly jurisdictional, the constitution states, "No person shall be held to answer for a capital or otherwise infamous crime unless on presentment of Indictment by a Grand Jury..." Therefore, movant had a right to a grand jury indictment. Yet, the record of the court docket contains no account of such a hearing. Therefore, without disclosure of the records, it is impossible to determine whether movant was ever actually indicted. In Ex parte Bain 121 U.S. 1, 7 S. Ct. 781, 30 L. Ed. 849, (1887), the Supreme Court held that District Courts have no jurisdiction to charge a person if material complications abound vis-a-vis the grand jury's impaneling or competency on finding the indictment. A trial on such an indictment is void.

It is conceivable that the Court lacked authority to performed the functions authorized by law in its criminal proceedings, as delineated in Rule Six (6) of Federal Criminal Procedure. That would mean that movant was deprived of his Constitutional and Statutory rights as of February the twenty-sixth (26th), 2015. He was a juvenile at the time, being only seventeen years of age. He is an American citizen. Disclosure is required as it is not possible to determined whether the arrest conformed to Rule (9) of Federal Criminal Procedure, Arrest Warrant or Summons or Indictment or Information.

If no indictment can be produced, the essential elements of Fed.F.Cr.P 6(a) are not affirmatively demonstrated. A lawfully impaneled jury of twelve must concur with the indictment, as in subsection 6(c), for it to reach the status of "true bill." The purpose of an independent grand jury is not only to investigate possible criminal conduct but also to act as a "protector of citizens from arbitrary and oppressive governmental action." The grand jury's explicit purpose is to "stand between the prosecutor and the accused," determining the legitimacy of charges or whether it "is dictated by malice or personal ill." Cf. Hale v. Henkell 201 U.S. 42 (1906). Former Supreme Court Justice A. Scalia expounds, in United States v. Williams, 504 U.S. 36 (1992), that the grand jury is the equivalent of a fourth branch of government not to be tampered with by any other branch.

Movant was never accorded the right to inspect the grand jury ballot or record, which indicates the exact number of jurors in concurrence with finding the indictment. It is unknown if such a record was properly maintained. The docket sheet for the court does not indicate that the grand jury ever convened, in fact, and no entry for it is evident. Douglas Oil Co. of California v. Petrol Stops Northwest, 441, U.S. 211, 60 L. Ed. 2d 156, 99 S. Ct. 1667 (1979) determined that material sought to prevent possible injustice in another judicial proceeding has greater precedence than whatever need exists for continued secrecy. The request for such material must be structured to encompass only the material needed.

The Constitution provides that, "no person shall be deprived of life or liberty without due process of law." Movant prepares to file a civil action regarding his incarceration but will be unable to do so without the requested documents. Absolute immunity defenses are intended to be circumvented by the actual conduct of the judicial officers acting in violation of Federal Statutes, as in Stump v. Sparkman 435 U.S. 349, 356-357, 55 L. Ed. 331, 98 S. Ct 1099 (1978). Injustice may abound without the

disclosures. Pursuant to Rule 6(e) of Criminal Procedure, the Court must authorize disclosure at a time, in a manner, subject to any other conditions that directs a grand jury preliminary hearing, or another in conjunction with a judicial proceeding, if requested by a movant who demonstrates that a ground may exist to dismiss the indictment due to a matter occurring, or not occurring, before the grand jury.

Federal prisoners may obtain transcripts and other documents pursuant to the Court Reporter Act, 28 U.S.C section 753(f). The claims raised in this motion meet the clear standard for not being frivolous and require the documents to be decided. Furthermore, the Freedom of Information Act, 5 U.S.C. section 552, requires the government to disclose all pertinent documents that are not national-security classified. The movant is financially incapable of procuring these documents and is in need of them in order to establish the level of injustice perpetrated.

Signed on ___/___/20___,

x _____, Pro Se
Name: Ali Shukri Amin
Inmate ID #85384-083
FCI Allenwood Medium
PO Box 2000
White Deer, PA 17887

#justiceforall

## IV. CERTIFICATE of SERVICE

I, Ali Shukri Amin, hereby certify that the forgoing is a truly served copy. It must be deemed filed at the time delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L. Ed. 2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(ies) of record; by placing the same in a sealed, postage paid, envelope addressed to the Assistant United States Attorney's following address;

US Attorney's Office (Alexandria - VA)
2100 Jamieson Avenue
Alexandria, VA 22314

Then deposited in the United States Postal Mail at the facility written above.