بسم الله الرحمن الرحيم

In the Name of the one true God; the Encompassingly Merciful, the Acutely Merciful

In the UNITED STATES COURT of the EASTERN DISTRICT of VIRGINIA

UNITED STATES, Plaintiff;

v.

ALI SHUKRI AMIN, Defendant;                    Criminal No. 1:15-cr-00164-CMH-1

FILED
MAILROOM

JUN 1 1 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MOTION to COMPEL RESPONSE to REQUEST for PRODUCTION of DEFENSE MATERIALS

### I . BACKGROUND

1. The defendant requested several documents from his attorney but was unable to yield a response. The defendant then received a response to his letter to the Clerk of Court requesting several documents essential to his criminal defense. The clerk responded that those documents were, in fact, sealed and not available for public viewing. She did, however, send a copy of the court's docket in this case. Upon investigating the docket, it seemed that many of the hearings in which those documents would be validated or produced never occurred. As a result, the defendant wrote to the information office of the Freedom of Information Act department. They responded in an untimely fashion with a letter from the Department of Homeland Security's Immigration and Naturalization division, promising to send what could be disclosed. Not only was that letter received beyond time period allotted for the actual response, but no documents were ever sent.

2. The defendant then filed a "Motion for Disclosure" in his criminal case for these documents. The time period for the government to respond has elapsed, making this matter ripe for adjudication. Furthermore, in pursuit of these documents, the defendant filed a civil suit in the District of Columbia against those agencies who are most likely to have control of these documents. As of now, that case is still ongoing. Disclosure of these documents is needed to settle that civil suit and also to determine whether or not the defendant was prosecuted legally. [Douglas Oil Co. of California v. Petrol Stops Northwest, 441, US 211, 60 L. Ed. 2d 156, 99 S. Ct. 1667 (1979)] determined that material sought to prevent possible injustice in another judicial proceeding has greater precedence than any asserted need for continued secrecy. Documentary evidence of the court's hearings and the aversion of the defendant's defense, the prosecution, and various agencies of the government in divulging these documents provides more than sufficient grounds to believe that some, or all, of the required hearings may have never occurred.

### II . RELIEF SOUGHT

3. The defendant requests that this court compel the prosecution, within a fourteen (14) day time window, to respond to all claims asserted in his "Motion for Disclosure," the claims in this motion, release the following documents, and/or furnish him with a copy of each:

a) His indictment, duly endorsed by its foreperson and United States Attorney, or colloquy of indictment waiver in open court;

b) Warrant of arrest;

c) Certified copy of the plea agreement;

d) Affidavit of criminal complaint, pursuant to [Fed. R. Crim. P. Rules 3 and 4];

e) Arrest Warrant or Summons upon Complaint, pursuant to [Fed. R. Crim. P. Rule 4];

f) Letter of Certificate of Concurrence, in accordance with [Fed. R. Crim. P. Rule 6(c)]

g) Affidavit of Probable Cause Hearing, pursuant to [Fed. R. Crim. P. Rules 3 and 4], and;

h) Grand jury transcripts, ballot, and/or record for inspection.

If this is unable to be done, then it is evident that the plaintiff is held illegally. The judge is requested to issue an order so as to compel the Bureau of Prisons to immediately release the defendant from custody - if these essential documents cannot be produced.

III . STATUTORY and LEGAL AUTHORITY for COMPULSION

5. The defendants arraigned the plaintiff on 2/27/15, yet did not state that the indictment was never presented to a grand jury. Therefore, it must be assumed by the defense that it was. However, no indication was ever given that it was presented to a grand jury besides that assumption. The onus of proof is upon the claimant. A mere assertion that there was an indictment brought before a grand jury is not sufficient evidence. It is incorrect to assume that a sufficient quorum voted on the indictment simply because the government claims so. The signature of a United States Attorney and a heading of "Indictment" and a redacted signature of a "grand jury foreperson" does not somehow magically validate a document to the status of "true bill."

6. Regardless, the indictment was never given to the defendant - seeming to suggest that there never was an indictment or that it was not validated according to law. If the prosecution is unable to furnish the documents, then "[j]udgments entered in violation of due-process law must be set aside without its' judgments orders are regarded as nullities. They are not voidable but simply void and form no bar to a recovery sought even prior to reversal in opposition to them." [Jaffe v. Van Brant (1994)]. Pursuant to [Rule 7(2)b], an offense punishable by imprisonment for over a year may only be prosecuted on information alone if the defendant, in open court - after being duly advised of the nature the charge and his right to a grand jury hearing - waives prosecution by indictment. This waiver never occurred.

7. The defendant moves this court for an order authorizing and requiring the government to respond to his "Motion for Disclosure." He seeks disclosure of certain defense materials as part of the discovery process and as routine matters of due-process procedure, pursuant to [Fed. R. Crim. P6(e)]. The government has been uncooperative in discovery and disclosure, not producing any material as of yet. These are a part of its' discovery obligations and the fundamental tenets of American due-process. The government has refused, on multiple occasions and through various branches, to facilitate this basic pursuit of constitutional rights.

8. The defendant believes that providing the materials will greatly assist him in understanding the nature of the proceedings against him and their constitutionality. Without the existence of these materials, there is no evidence against him. The defendant believes that a resolution of this matter will be advanced if the government furnishes the defendant with the previously enumerated materials. They relate to subject-matter jurisdiction, findings of probable cause, the validity of those documents, the status of the indictment, and all the proceedings based upon those matters. The documents produced by grand jury subpoenas, those subpoenas, and the transmittal letters which accompanied those documents cannot be investigated, or even requested, if it is not decipherable whether or not a grand jury hearing ever occurred.

9. No documentation is present to indicate that the defendant was arrested, tried, and prosecuted with any semblance of due-process. The defendant simply requests basic evidence which would indicate that he was. Though the [Federal Rule of Criminal Procedure 6(e)] establishes strict secrecy obligations relating to matters occurring before the grand jury, the defendant is not necessarily seeking transcripts of the hearings or the names of the jurors. He simply seeks evidence that a grand jury hearing ever occurred. That is an obligation which in no way may be construed as a prohibition from disclosing the materials by the government or providing a copy to the defendant.

10. [Fed. R. Crim. P. 6(e)(3)(E)] provides that "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand jury matter ... preliminarily to or in connection with a judicial proceeding." The defendant has satisfied all procedural obstacles to such a disclosure by requesting the documents from his attorneys of record, writing to the Court's Clerk, filing a FOIA, filing the FOIA remedies, and filing a civil suit regarding the FOIA. Defendants are not required to engage in so many different avenues of pursuit in order to receive the most basic documents of criminal defense, and such a requirement would be, in effect, unconstitutional. [Fed. R. Crim. P. 6(e)(3)(F)] requires that a petition to disclose such material must be filed in the district where the grand jury is believed to have convened and that the government be given a reasonable opportunity to be heard after the petition is served to all parties. As there is no person besides the defendant with an interest in this matter, he has complied totally with the provisions of this Rule.

11. The disclosure of these materials proposed by this motion will significantly expedite the defendant's understanding of the constitutionality of the proceedings used to hold him in prison. It will reveal nothing more than whether or not the hearings are constitutional, and does not jeopardize the safety or sanctity of the grand jury or the jurors - if the hearing occurred. No significant secrecy or national-security concerns weigh against the disclosures requested in this motion and its' predecessor. If

the government is unable to produce these materials, then that must be made evident before the court so that the legal avenues of recourse for the unconstitutional proceedings which occurred may be pursued.

12. The United States judge in [United States v. Daniel Boyd (2019) 5:09-CR-216-FL] compelled the prosecution to respond to the defendant's "Motion for Disclosure" because "the court would benefit from a response." There seems to be no indication that that defendant, Boyd, convicted on the same charges as the movant herein in the same circuit, somehow has a greater privilege or interest in disclosure or response than Mr. Amin. In fact, Amin has filed a civil suit pertaining to this matter, giving him a greater interest in a response.

13. If it is not possible to disclose these materials, then it must be recognized that the defendant was abducted, being an American citizen and juvenile, from his home. He was then put into an adult facility and threatened with charges, not based on indictments or grand jury hearings, that carried potential life sentences. He was pressured and threatened until he plead out to one of the most serious crimes in the entirety of American penal law, and received a sentence of 134 months in Federal prison - at the age of seventeen. Without these documents, it is indubitable that that was done totally out of the scope of any legality or due-process and the defendant has been irreparably damaged due to the vindictive exercise of power by the United States government.

IV . EXHIBITS

a) Request to the Clerk of Courts (Attached)

b) Response to FOIA Request (Attached)

c) Refer to the Civil Suit filed in the District of Columbia's court
d) Court Docket (Attached)

V . CERTIFICATE of SERVICE and CLOSING

I, Ali Shukri Amin, hereby certify that the forgoing is a truly served copy. It must be deemed filed at the time delivered to prison authorities for forwarding to the court [Houston v. Lack, 101 L. Ed. 2d 245 (1988)], upon the court and parties to litigation and/or his attorneys of record; by placing the same in a sealed, postage paid, envelope addressed to the Assistant United States Attorney's following address;

Office of the AUSA
(Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314

Then deposited in the United States Postal Mail at the facility designated below.

By signing below, I certify that: this motion complies with the requirements of the [Federal Rules of Court Procedure 11]. To the best of my knowledge and information, I certify that this complaint is not being presented for any improper purpose, such as; harassment, causing unnecessary delay, or needlessly increasing the cost of litigation. I certify that it is supported by non-frivolous arguments of law and that the factual contentions presented have evidentiary support, or, if found to be deficient, will likely be identified to have evidentiary support after reasonable opportunity for investigation.

I declare under penalty of perjury that the forgoing is true and correct.

Signed on 4/24/2019

x _____ , Pro Se

Ali Shukri Amin
#85384-083
FCI Allenwood Medium
PO Box 2000
White Deer, PA 17887

#justice4all

بسم الله الرحمن الرحيم

District Clerk
401 Courthouse Square
Albert V. Bryan U.S. Courthouse
Alexandria, Virginia 22314

To Whom It May Concern at the District Clerk's Office:

I would like to inquire as to how I might obtain documents pertaining to my current criminal conviction. In particular, I seek:

- Discovery of criminal activity documentation,
- Docket of hearings,
- Grand Jury proceedings transcripts,

Sealed documents are not available for public viewing (highlighted docs)

Attached is a copy request form and docket sheet.

~~~~~~~~~~~~~~~~~~ thank you for your assistance.

RECEIVED
MAILROOM

JAN 1 0 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Regards,

'Ali Shukri Amin
85384-083
FCI Allenwood Med
P.O. Box 2000
White Deer, PA 17887



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship and Immigration Services**

February 4, 2019

NRC2019017603

Ali Shukri Amin
FCI Allenwood Medium, 85384-083
P.O. Box 2000
White Dear, PA 17887

Dear Ali Shukri Amin:

Don't waste time waiting for the US Postal Service to deliver the information you requested. Go online, create an account, and receive the information electronically! Read the attached yellow flyer for more details.

We received your request for information relating to Ali Shukri Amin on February 04, 2019.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: NRC2019017603. Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the simple track (Track 1). You specifically requested a copy of your recordings and transcripts of grand jury proceedings. If you would like a copy of all your records, please send a written request to the address above, otherwise you will only receive the documents specified.

Consistent with 6 C.F.R. § 5.5(a) of the Department of Homeland Security (DHS) FOIA regulations, USCIS processes FOIA requests according to their order of receipt. Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). Please contact our office if you would like to limit the scope of your request or to agree on a different timetable for the processing of your request. We will make every effort to comply with your request in a timely manner.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

NRC2019017603
Page 2

This office now offers an online delivery option. If you would like to receive the requested records online, you will need to register this request at https://first.uscis.gov. If you do not already have a MyUSCIS account you will be prompted to create one. Once logged on, click the "Register Request" link where you will be asked to enter your control number NRC2019017603 and the following six digit PIN: 359878. If you do not wish to take advantage of this option, we will be providing your records on a Compact Disc (CD) for use on your personal computer. To request your responsive records on paper, please include your control number and write to the above address Attention: FOIA/PA Officer, or fax them to (816) 350-5785.

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When forwarding to us any documents related to your request, please ensure any Social Security Numbers on the documents are blanked out or removed.

The National Records Center (NRC) has the responsibility to ensure that personally identifiable information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected. In our efforts to safeguard this information, we may request that additional information be provided to facilitate and correctly identify records responsive to your request. Though submission of this information is voluntary, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we may be unable to provide records responsive to your FOIA request.

You may check the status of your FOIA request online, at www.uscis.gov/FOIA. Click the "Check Status of Request" button in the middle of the web page or "FOIA Request Status Check & Average Processing Times" on the left side under "Freedom of Information and Privacy Act (FOIA)." Then click "FOIA Check Status of Request" at the bottom of the page and follow the instructions given. If you have any questions concerning your pending FOIA/PA request, or to check the status of a pending application or petition, please call The National Customer Service Center at 1-800-375-5283. Please be aware that the National Records Center no longer accepts FOIA/PA related questions directly by phone.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the Control Number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, emailed to USCIS.FOIA@uscis.dhs.gov, or sent by fax to (816) 350-5785. You may also submit FOIA/PA related questions to our email address at FOIAPAQuestions@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations



**U.S. Citizenship
and Immigration
Services**

## —— NEW ——
# USCIS FOIA IS GOING DIGITAL!

USCIS is moving to an end-to-end digital FOIA process! The FOIA Office is excited to introduce phase one **– paperless delivery of your response.** You can now digitally access responsive records as soon as they are processed, eliminating mail time and removing the risk of receiving a CD that may be damaged in the mail. This delivery option is just one of several enhancements that we are currently putting in place to make it easier for you to submit a request to our office and help reduce the time it takes to receive responsive records.

## Signing up for Digital Delivery is Quick and Easy:

In the attached acknowledgement letter, follow the instructions on how to set up an account through myUSCIS and link that account to your case. Once complete, you will be able to log into the digital delivery center to view and / or download responsive records, once available. *If you already have a myUSCIS account, simply login and link the case to your existing account.* Once you have linked your case to your account, we will notify you through email once your case has been processed and your records are ready to be accessed.

## More Digital Greatness is Coming Soon:

We are also excited to highlight some additional enhancements that will make it easier to make and manage your request, and receive responsive records more quickly, to include:

- Online FOIA request submission
- Faster case processing
- Online personal case management

*If you do not wish to take advantage of this option, we will be providing your records through the mail on a Compact Disc (CD) for use on your personal computer. To request your responsive records on paper, please include your control number and write to the above address Attention: FOIA/PA Officer, or fax your request to (816) 350-5785.*

TYPE I-FOIA

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:19-cv-01572-UNA

AMIN v. TRUMP et al
Assigned to: Unassigned
Cause: 05:552 Freedom of Information Act

Date Filed: 05/17/2019
Jury Demand: None
Nature of Suit: 550 Prisoner Petition: Civil
Rights (Other)
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**ALI SHUKRI AMIN**

represented by **ALI SHUKRI AMIN**
R85384-086
ALLENWOOD MEDIUM
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
WHITE DEER, PA 17887
PRO SE

V.

**Defendant**

**DONALD TRUMP**
*Chief Executive Officer of the United States*
*Office of the President*

**Defendant**

**WILLIAM BARR**
*United States Attorney General Department*
*of Justice*

**Defendant**

**SUSAN B. GERSON**
*Assistant Director Office of the United*
*States Attorneys*

**Defendant**

**JOHN DOE**

**Defendant**

**DAVID L. HARLOW**
*Deputy Director United States Marshal*
*Service*

**Defendant**

**WILLIAM E. BORDLEY**

CLOSED

# U.S. District Court
## Eastern District of Virginia - (Alexandria)
## CRIMINAL DOCKET FOR CASE #: 1:15-cr-00164-CMH-1

Case title: USA v. Amin

Date Filed: 06/11/2015
Date Terminated: 08/28/2015

Assigned to: District Judge Claude M. Hilton

**Defendant (1)**

**Ali Shukri Amin**
*TERMINATED: 08/28/2015*

represented by **John Kenneth Zwerling**
Law Offices of John Zwerling
114 North Alfred Street
Alexandria, VA 22314
(703) 684-8000
Email: jz@zwerling.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Joseph Thomas Flood**
The Law Office of Joseph T. Flood
10621 Jones St
Suite 301-A
Fairfax, VA 22030
703-691-8410
Fax: 703-251-0757
Email: flood.joseph7@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:2339B Conspiracy to Provide
Material Support and Resources to a
Designated Foreign Terrorist
Organization (2/26/15)
(1)

**Disposition**

136 mos. w/Life term of SR

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

**Plaintiff**

**USA**

represented by **Caroline Hunt Friedman**
US Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
**NA**
703-299-3700
Email: caroline.h.friedman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**Michael Phillip Ben'Ary**
US Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
**NA**
703-299-3700
Email: michael.benary@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2017 | 22 | TRANSCRIPT of Proceedings held on 8/28/2015, before Judge Claude M. Hilton. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov**<br><br>**Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Transcript prepared by Tracy Westfall 804-240-0036. Redaction Request due 10/18/2017. Redacted Transcript Deadline set for 11/20/2017. Release of Transcript Restriction set for 12/18/2017.** (rban, ) (Entered: 09/18/2017) |
| 08/28/2015 | 21 | Sealed Statement of Reasons as to Ali Shukri Amin. Signed by District Judge Claude M. Hilton on 8/28/15. (tarm) (Entered: 08/31/2015) |
| 08/28/2015 | 20 | JUDGMENT as to Ali Shukri Amin (1), Count(s) 1; 136 mos. w/Life term of SR. Signed by District Judge Claude M. Hilton on 8/28/15. (tarm) (Entered: 08/31/2015) |
| 08/28/2015 | 19 | Minute Entry for proceedings held before District Judge Claude M. Hilton: Sentencing held on 8/28/2015 for Ali Shukri Amin (1), Count(s) 1. US appeared through: Michael Ben'Ary. Dft appeared w/counsel Joseph Flood. The Court finds the guidelines to be properly assessed by the probation officer, and finds that a downward departure is appropriate due to the statutory maximum in this case.Considering the factors under § 3553, and considering the defendant's actions in this offense, his age, and lack of record, the Court finds that the following sentence is appropriate. Dft committed to the custody of the US Atty General to serve a term of 136 mos. w/Life term of SR and assessed $100. Cond. of SR: Allow PO access to any requested financial information, The defendant to be subject to any screening or monitoring of internet use, as directed by the probation officer. The Court recommends that the defendant be designated to the facility in Butner, North Carolina. Defendant remanded. (Court Reporter: Westfall)(tarm) (Entered: |

| | | 08/28/2015) |
|---|---|---|
| 08/27/2015 | 18 | REPLY TO RESPONSE to by Ali Shukri Amin *Government's Position at Sentencing* (Flood, Joseph) (Entered: 08/27/2015) |
| 08/21/2015 | 17 | APPENDIX TO 16 SENTENCING MEMORANDUM by Ali Shukri Amin (Flood, Joseph) (Entered: 08/21/2015) |
| 08/21/2015 | 16 | SENTENCING MEMORANDUM by Ali Shukri Amin (Flood, Joseph) (Entered: 08/21/2015) |
| 08/21/2015 | 15 | Position on Sentencing by USA as to Ali Shukri Amin (Ben'Ary, Michael) (Entered: 08/21/2015) |
| 08/21/2015 | 14 | MOTION for Acceptance of Responsibility by USA as to Ali Shukri Amin. (Ben'Ary, Michael) (Entered: 08/21/2015) |
| 08/17/2015 | 12 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Ali Shukri Amin. (Attachments: # 1 Letter attorney)(forsyth, carolyn) (Entered: 08/17/2015) |
| 08/12/2015 | 11 | ORDER granting 10 Motion to Remove Filing from PACER as to Ali Shukri Amin (1). Signed by District Judge Claude M. Hilton on 08/12/2015. (jlan) (Entered: 08/12/2015) |
| 08/12/2015 | 10 | First MOTION Remove Filing from PACER by Ali Shukri Amin. (Flood, Joseph) (Entered: 08/12/2015) |
| 07/23/2015 | 8 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) as to Ali Shukri Amin. Objections to PSI due 08/10/2015. (forsyth, carolyn) (Entered: 07/23/2015) |
| 06/11/2015 | 7 | Statement of Facts as to Ali Shukri Amin (tarm) (Entered: 06/11/2015) |
| 06/11/2015 | 6 | PLEA AGREEMENT as to Ali Shukri Amin (tarm) (Entered: 06/11/2015) |
| 06/11/2015 | 5 | Minute Entry for proceedings held before District Judge Claude M. Hilton: Plea Agreement Hearing as to Ali Shukri Amin held on 6/11/2015. US appeared through: Michael Ben'Ary and Caroline Friedman. Dft appeared w/counsel Joseph Flood. Dft PG to Count 1 of the Criminal Information. Plea entered by Ali Shukri Amin (1) and Accepted; Guilty Count 1. Dft referred to PO for PSIR and Sentencing set for 8/28/2015 at 09:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. Dft remanded. (Court Reporter: Westfall)(tarm) (Entered: 06/11/2015) |
| 06/11/2015 | 4 | INFORMATION as to Ali Shukri Amin (1) count(s) 1. (tarm) (Entered: 06/11/2015) |
| 06/11/2015 | 3 | WAIVER OF INDICTMENT by Ali Shukri Amin (tarm) (Entered: 06/11/2015) |
| 06/11/2015 | 2 | Redacted Criminal Case Cover Sheet (tarm) (Entered: 06/11/2015) |

| 06/11/2015 | | Set/Reset Hearings as to Ali Shukri Amin: Plea Agreement Hearing set for 6/11/2015 at 09:30 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (tarm) (Entered: 06/11/2015) |