



FILED
MAIL ROOM

JUL – 9 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

In the United States District Court for the Eastern District of Virginia

UNITED STATES of AMERICA, Plaintiff;  )

v.                                    )   Cr. No. [1:15-cr-00164]

ALI SHUKRI AMIN,                      )

Defendant proceeding *pro se*.

## DEFENDANT'S OBJECTION to PROSECUTION'S INFORMAL REQUEST for MODIFICATION of PLEA DEAL, PROBATION TERMS, and SENTENCE

### I.   PROCEDURAL BACKGROUND

1.      The defendant was sentenced to one-hundred and thirty-six (136) months of confinement and a term of life probation in 2015. Considering that the defendant was a juvenile at the time of sentencing, this was an extraordinary sentence. His judgment and commitment order contains the following two "SPECIAL CONDITIONS of SUPERVISION":

"1) The defendant shall provide the probation officer access to any requested financial information.

2) The defendant shall be subject to any screening or monitoring of internet use, as directed by the probation officer."

Despite the fact that the defendant has a life-term of probation, the prosecution has now filed an informal request to alter the defendant's plea deal and sentence to increase his terms of probation by adding the following conditions:

"**Internet Restrictions:** You shall not possess or use a computer... without the approval of the U.S. Probation and Pretrial services. Your cooperation shall include, but not be limited to, allowing installation of a computer... monitoring program and/or identifying computer system, internet-capable devices, and similar memory and electronic devices to which you have access. ...

**Online Communications Restrictions:** Your written online communications, if any, shall be conducted in the English language, unless you receive the approval of the supervising probation officer and/or the court.

During the term of supervision [life], the defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant, unless approved by the Probation Office.

**No Extremist/Terroristic Materials:** You shall not possess, view, access, or otherwise use material that reflects extremist or terrorist views or is deemed to be inappropriate by the U.S. Probation Office.

**No Communication with Known Extremist** [sic]: You shall have no contact with any known Extremist or anyone suspect in any known Extremist activity."

They have made this request informally, possibly seeking to violate the terms of the plea bargain, implying that the judge has failed to properly sentence the defendant, without respecting the standard of strict scrutiny, disregarding the defendant's exceptional good behavior on probation, and requesting unconstitutional probation terms.

## II. RELIEF REQUESTED

2.      The petitioner's request for relief is based on the following Grounds:

- Grounds and Verified Statement of Facts presented;
- Undisputed Facts in the Record of the Court;
- Uncontested Issues at Law Raised in this motion;
- Self-Authenticating Documentary Evidence;
- The United States Constitution;
- the Acts of Congress evidenced by the United States Code;

- The Federal Code of Civil Procedure;

- The Federal Code of Criminal Procedure;

- Federal Regulations as evidenced by the Code of Federal Regulations, and;

- Federal Court Rules;


As all of these were cited and none were contested, the requests the following relief and remedy:

a) That the Court issue an order denying the prosecution's informal request to modify the defendant's probation;

b) That the United States Probation Office be compelled to interpret his special terms of conditions narrowly, to be tailored according to the least restrictive means compelling to state interest;

c) That the United States Probation Office cease its insistence on the usage of spyware software which monitors offline behavior and bars the defendant from utilizing the internet;

d) That the defendant's special condition of probation be interpreted to mean that he should submit logs of all of his web-browser history to the probation office monthly;

e) That the Court provide such additional Remedy and Relief that the Court deems just and proper.

## III. JUDICIAL INDISPUTABILITY of FACT and LAW

3.      According to *[28 USC § 2248]*, the defendant is only required to prove false any material facts submitted by the plaintiff to the record of the court. He is not required to prove false assumptions or even facts not submitted to the record of the court, regardless of their veracity. He also is not required to prove the legitimacy of the status quo in light of the simple desire of the plaintiff to change it, as the default in all proceeding remains "innocent until proven guilty" including as pertains to proceeding to modify probation. To accept the plaintiff's request as valid and afford them their relief requested would be an action *sua sponte*, without lawful authority, and render the judge a controverting witness or advocate, as herein more fully appears.  To do so would further perpetuate an illegitimate judicial pseudo-constitution, which consists of "case law" precedents as articles and "decisional authority" as amendments – all in opposition to the [United States Constitution], its' articles, amendments, Congressional acts published as [United States Code], [Code of Federal Regulations], and [Federal Court Rules]. The [United States Constitution's Tenth Amendment] attempts to safeguard against such unwritten law,

> The powers not delegated to the United States Federal Government by the Constitution,
> nor prohibited by it to the States, are reserved to the states respectively, or to the people.

As a private individual as opposed to a Federal employee, the defendant retains rights that no court functionary has. The judge may not use his own prior knowledge or agreement with those facts as a basis upon which to rule but must rely solely upon the material assertions of the plaintiff and the

defendant's objections. To do so would upend the check-and-balances model set in place by the Founders and Framers, giving the people the ability to limit the government through the medium of law. The plaintiff has failed to prove their legal basis to modify the defendant's probation or even to submit a request to the record of the court.

4.      The courts of the United States are bound by the supreme law. Rules made by those courts are governed by [28 USC § 2071]. [§ 2071] mandates that all courts established by Congressional acts establish rules of practice and procedure consistent with,

> "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under Section 2071 of this title."

The provisions as described in sections *[(b) – (f)]* give the Supreme Court the exclusive authority to prescribe the  general rules for practice, procedure, and evidence. [28 USC § 2072] states,

> (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States District Courts (including proceedings before magistrates thereof) and courts of appeals.

(b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

Such rules define when a District court ruling is final for the purpose of appeal under [28 USC § 1291]. Before local court rules of procedure and evidence can be implemented as judicial regulations, they must be submitted to Congress for prior approval as prerequisite Supreme and inferior court rules.

5.          Those rules approved by Congress explicitly delineate the role of a judge in a dispute. [Federal Rule of Evidence (605)] states,

> The presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue.

Therefore, a judge is prohibited from acting as a witness or advocate for any party. This is especially relevant in this case as pertains to the plaintiff's specious request, which must be interpreted liberally to even conceive of it as a request whatsoever. A judge may not object to the defendant's facts or conclusions at law to preserve a potential request on the part of the plaintiff if it did not independently

or initial assert that request. The only evidence which may be considered is that which is submitted to the record of the court in the instant case.

6. The defendant will submit considerable amounts of evidence, both quantitatively and qualitatively, in this motion [28 USC § 1746]. The plaintiffs, due to their not rebutting them, have automatically failed to controvert, dispute, or prove any of which false in any sense. All the defendant's evidence submitted to the record of the court therefore stands and no contradicting evidence has been submitted.

## IV. APPLICABILITY of CASE PRECEDENTS

7. The plaintiff requests that the court modify the defendant's conditions of probation based totally on factually baseless legal conclusions, on the implied claim that judges have the authority to establish a "Judicial Constitution," and engage in "Judicial Legislation," by substituting case precedent for the Supreme Law of the Land. This claim of authority is hereby challenged.

8. To date, no evidence has ever been submitted to the Record of the Court proving the existence of any provision of the [United States Constitution], authorizing the [Article III] Judicial Branch to, by use of case precedent, establish a "Judicial Constitution" or engage in "Judicial Legislation," substituting and superseding the Supreme Law of the Land. The Supreme Law of the land is the Constitution, Acts of Congress, and/or Treaties of the United States [Article VI, Clause 2]. In the absence of such evidence, it must be assumed that there is no authority to do so.

9.    The plaintiffs have no right to request modification of the defendant's probation conditions unless that request is based upon the Supreme Law of the Land. However, their request seems to be based upon unofficial dicta. It is impossible to know with any certainty as the plaintiff has submitted nothing to the record of the court. No evidence exists in the District Court's record justifying reliance or any duty to rely on "case precedent " as supreme law; superseding the Constitution, United States Code, the Code of Federal Regulations, and the law of the petitioner's residential State. A modification of probation conditions cannot be based on the dictates of judicial "legislation" as derived from an informal "judicial Constitution." Modifying the petitioner's probation under such pretenses is illegal.

10.    The plaintiff lacks right to modify the defendant's probation modifications until that right is overcome. It can only be overcome with evidence ultimately deriving from the Constitution. The onus of proof rests squarely with the plaintiff. They have the burden to demonstrate that the defendant's probation must legally be altered under the "controlling law" as established by the Constitution. However, the defendant argues that there is no legal basis to prove such. The only evidence which the plaintiff may postulate is "case precedent" which, in addition to being an illegitimate ground for modification of a plea deal and sentence, would plainly contradict the Constitution.

11.    Case precedents, otherwise known as "decisional authority", are un- or published opinions, orders, decrees, and judgments, filed as public record for the Federal courts of the judicial branch. As a class, it includes those issued by the: Supreme, Appeal, Tax, Bankruptcy, Claims, International Trade, and District Courts. If such issuances form any significant basis upon which the plaintiff's arguments

depend or any of them referenced contain content contradicting the Constitution, then documentary evidence must be provided as to their authority and justification in utilizing them.

12.     Courts exist to resolve disputes among citizens in a just fashion. No organized society can exist without a legal recourse for disputes, whether between private individuals, corporations, the government, or both. However, each court system must have a predefined ruleset upon which it is based. If a court system is based upon unofficial rules which are inaccessible to the general public or contradict official rules, the system becomes a racket for the powerful to oppress the weak. Without clearly defined law which is adhered to, those accused of crimes cannot have their cases decided justly. The guilty are let go and the innocent are oppressed. Furthermore, the scales of justice are easily tilted or slanted. The court system can be rigged by bribing jury members or if a judge has a personal bias against an individual. Injustice occurs due to secret, extralegal, forces. It may be prevented through adherence to a well-known and publicly available law.

13.     The decisions of appellate colonial courts were originally published by court reporters. Eventually, private publishing firms began to compete against official case publications. Nowadays, private firms almost entirely dominate the field of publishing case decisions and most of the "case law" upon which numerous other cases are decided exist totally behind paywalls too steep for the average citizen to broach. If case-law determines the true meaning of constitutional, statutory language, how it ought to be applied, and becomes its own parallel corpus — then there is no check upon it by the public. The Constitution and laws may be reinterpreted in such a way apparently contradictory to the intentions of the founders.

16.     Judges are subject to the "Supreme Law of the Land" as per [Article VI, clause 2] and are all bound – by solemn oath – to support the Constitution as per [Article VI, clause 3]. Yet, were the judge presiding over the defendant's criminal case to accept this request to modify his terms of probation, it would disrupt the implementation of the Constitution by judicial decree. Such order can only be issued pursuant to case "law" as no facts or law were submitted by the plaintiff. By doing so, the judge would violate [Federal Rule of Evidence 605]. He has a mandatory duty to accept self-authenticating documentary evidence as true and correct, in the absence of any contrary evidence, as per [28 USC section 2248]. The Constitution cannot be assumed dormant with another law dominant in the absence of perspicuous proof.

17.     It is a non-discretionary duty of the presiding judge in this instant case to grant the defendant's motion. No factual dispute exists regarding: the defendant's statement of facts or documentary evidence. They conclusively prove that modifying the defendant's plea deal and term of probations would subject him to a deprivation of liberty by the plaintiff on false grounds and in violation of the Constitution. That is as it would be based solely upon the pretenses of "case law." Such "case law" has never been enforceable and cannot ever be enforced by mandamus or otherwise. "Case precedents" are binding only upon the parties in a particular action and cannot serve as any basis to detain the plaintiff, especially in contradiction of the Constitution.

18.     The defendant had and retains his inherent due-process, and indeed fundamental human right, to be ruled upon solely utilizing the "Supreme Law of the Land." He lives in this nation upon a social contract validated through his obedience to that "Supreme Law." He can only violate that contract, and

14. Courts have developed a rule known as "*stare decisis*," meaning that once something is decided in an appeal, it becomes binding precedence. Black's law dictionary defines "*stare decisis*" as the doctrine,

> "that, when [a] court has once laid down a principle as applicable to a certain state of facts, it will adhere to that principle, and apply it in all future cases, where the facts are substantially the same."

However, it remains quite the problematic issue: who gave the court the authority to develop such rules? Is this not in fact signing into legislation a judicial decree? [Ex parte Milligan, 71 U.S. (4 Wall.) 2, 120 (1866)]. The reality is that judicial decrees are not laws. Once applied as law, they are violation of the supreme law of the land.

15. The Constitution does not specifically provide for power vested in the judges of the courts. They may not issue binding law by any judicial "decree." [Olmstead v. United States, 277 U.S. 438, 485, 48 S.Ct. 654 (1928) (Justice Brandeis dissenting)]. However, the plaintiff's request is based entirely upon the presumption that such decrees are true legislation, and that they are sources in some parallel "judicial Constitution." Furthermore, no evidence exists that such judicial power, were it to exist, would be self-implementing. Congress must carry all powers into execution as per [US Constitution Article I, section 8, clause 18]. Congress has never vested judges with such power.

thereby have his plea deal and sentence modified, if he violates that "Supreme Law". The Supreme Law of the United States can only be assumed to be the Constitution and its' derivative laws. Therefore, arbitrarily adding "case law" as another source of legislation fundamentally abridges the plaintiffs due-process and violates the social contract. That is an offense against the Constitution, which states,

"This Constitution and the Laws of the United States, which shall be made in Pursuance thereof;, and all treaties made, or which shall be made, under the Authority of the United States, shall be the Supreme Law of the Land, and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary not withstanding."

No provision exists of law "created" by case precedent, which is actually a "Thing...Contrary" to the Supreme Law.

19.      The plaintiff, only presumably as there is no formal request on the court's docket, requests that the defendant's plea deal and terms of probation be modified based on case "law" whilst being bound only to the Constitution. Such a modification would be, in fact, its' own violation of the Constitution. [Article VI, clause 3] states,

"The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by oath or Affirmation to support this Constitution...."

subsequent affidavits of verification required to hold an office of honor, trust, and profit in any branch of the Federal government. [28 USC section 453] prescribes the oath of all Federal judges. If the judge in the defendant's criminal proceedings upholds "case precedent" then he would fundamentally contradict the Constitution.

21.     [Article I, section 1] vests all legislative power in Congress. [Article III, section 1] only vests judicial power in the Supreme Court and in subsequent inferior courts ordained by Congress. No evidence exists of any constitutional provision vesting the judicial branch with legislative powers of any kind or sort. The [Tenth Amendment] and [Article I, section 8, clause 18] stipulate that the Federal government only has powers specifically delegated to it, in writing, by the Constitution. Even those powers remain dormant until Congress voluntarily executes them. No implied constitutional powers exist, nor may any new powers be created, even by "necessity," whether Congress voluntarily attempts to execute such powers or not. [Article VI, clause 2] does not identify "case precedents" as an element or derivative of "Supreme Law." No constitutional provision establishes the permissibility for the judge in the petitioner's criminal case to have detained him on the basis of "case law," or even to utilize it in the proceedings as evidence to substantiate the plaintiffs accusations. Were such the case, the nation would be secretly run on a rogue, de facto, judicial "constitution." However, even that would be self defeating according to [Adams v. United States, 319 US 312, 63 S. Ct. 1122, 87 L. Ed. 1421 (1943)].

22.     The erroneous basis upon which the defendant's plea deal and sentence is sought to be modified arises from a misconception regarding a Supreme Court precedent. The defendant's seek authority to accept the "legislation" of other judges based upon [Marbury v. Madison, 5 US (1 Cranch) 1 37, 2 L. Ed. 60 (1803)]. The misinterpreted excerpt of that reads,

[Article I, section 1] vests all legislative power in Congress. [Article III, section 1] only vests judicial power in the Supreme Court and in subsequent inferior courts ordained by Congress. No evidence exists of any constitutional provision vesting the judicial branch with legislative powers of any kind or sort. The [Tenth Amendment] and [Article I, section 8, clause 18] stipulate that the Federal government only has powers specifically delegated to it, in writing, by the Constitution. Even those powers remain dormant until Congress voluntarily executes them. No implied constitutional powers exist, nor may any new powers be created, even by "necessity," regardless whether Congress voluntarily attempts to execute such powers or not.

20.    The only basis upon which the plaintiff can make a request to alter the plea deal and sentence is under case precedent, whereas it can only be altered under the Constitution for a violation of it. Such an alteration would be, in fact, its' own violation of the Constitution. [Article VI, clause 3] states,

"The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by oath or Affirmation to support this Constitution... ."

[Article II, section I, clause 8] prescribes the oath required of the president while [5 USC section 3331] prescribes the oath required of all officers and employees of the Federal government. It includes

"It is emphatically the province and duty of the judicial department to say what the law is."

However, that applied only to a dispute regarding the constitutionality of Congressional Acts. Indeed, that Court specified,

"If two laws conflict with each other, the courts must decide on the application of each."

That cannot be interpreted to vest judges with some independent legislative authority in contradiction to the plain language of the Constitution. Doing so would violate the defendant's constitutionally-guaranteed due-process rights.

23.     In [Marbury v. Madison, supra, 5 U.S. (1 Cranch) at 177 and 2 L.Ed. at 73-74] the Court recognized the Absolute Supremacy of the Constitution. The foregoing Holding of the Supreme Court in [Marbury v. Madison, supra], regarding the Supremacy of the Written Constitution, is what gave rise to the following, to wit: [Id., 1 Cranch 177],

"It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each."

Continuing at [1 Cranch 178],

"So if a law be in opposition to the Constitution; if. both the law [statute] and the Constitution apply to a particular case, no that the court must either decide that case conformably to the law [statute], disregarding the Constitution;. or conformably to the Constitution, disregarding the law [statute]; the court must determine which of these conflicting rules governs the case. This is the very essence of judicial duty." (emphasis added).

16

24.     The duty referred to by the text of the holding,

"It is emphatically the province and duty of the judicial department to say what the law is."

is to determine the Constitutionality of an Act/[Statute of Congress, not to engage in "Judicial

Legislation," nor to establish a "Judicial Constitution." It must be understood in context with the

Court's Holding to actually mean: "It is emphatically the province and duty of the Judicial Department

[Branch] to determine the Constitutionality of a Federal Statute, once Disputed."

25.     The [Constitution for the United States of America, at Article III Section 2, Clause 1] vests

Judicial Power in all Cases arising under the Constitution, Laws of the United States, and the subjects of

jurisdiction. The Supreme Court in [Marbury, at 1 Cranch] affirms the Court's recognition of that

fact.[Marbury, at 1 Cranch 180] established to what laws judges are bound. At no point do the decisions

in [Marbury v. Madison] even claim that courts have the power to detain citizens based simply upon

"case law" or that case precedents are the Supreme Law. Judge-created case "law" simply has no binding

weight. In fact, [Kuchner v. Schweiker, 717 F. 2d 813, 814, (3rd Cir. 1983)] demonstrates that Federal

courts may override case "law." That fact should be contrasted with the binding oaths all officers take to

support the "Supreme Law." Therefore, case precedent simply cannot be law. However, it was utilized

against the plaintiff in this case as such, resulting in an evident due-process violation.

26.     The practice of intentionally misconstruing the law by improperly isolating elements from it, out

of context, can create a false impression of unlimited governmental power. As with [Article I, section 8,

clause 18] stating, "Congress shall have the Power...to make all Laws which shall be necessary and

proper..." being rendered to mean "unlimited congressional legislative power," and so has [Marbury v.

Madison] been misunderstood to allow the insurgency of the Constitution. However, no evidence exists

to allow the judge in this case to claim lawful delegation of legislative power. Furthermore, there is no basis in law upon which to modify the defendant's conditions of probation.

27.     As "case precedent" is not law in any way, it cannot be any form of consideration. The defendant's indisputable facts and documentary evidence that he presents here are all which stand for consideration. He is unequivocally entitled to relief.

## VERIFIED STATEMENT of MATERIAL FACTS

The Petitioner hereby affirms and declares under the penalty of perjury pursuant to [28 U.S. C. §1746] that the following is true and correct to the best of the Petitioner's personal knowledge, understanding, and belief. The Petitioner is of the age of maturity, of sound mind, and competent to testify to the veracity of the following:

## V.  LACK of FORMAL REQUEST on the COURT'S DOCKET

28.     There is no formal request to modify the defendant's probation is evident on the docket of this court. The docket entries read:

- 06/12/2020          Reset Hearing as to Ali Shukri Amin: Status Conference set for 7/17/2020 at 09:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (jlan) (Entered: 06/12/2020)

- 06/12/2020     37     ORDERED for the reasons stated from the bench, it is hereby ORDERED that this case is CONTINUED to Friday, July 17, 2020 at 9:00 a.m. as to Ali

Shukri Amin. Signed by District Judge Claude M. Hilton on 06/12/2020. (jlan) (Entered: 06/12/2020)

- 06/12/2020    36    Minute Entry for proceedings held before District Judge Claude M. Hilton: Status Hearing as to Ali Shukri Amin held on 06/12/2020. US appeared through: Marc Birnbaum. Appearance of Defendant. Matter came on for a Status Hearing for modification of special conditions of the term of supervised release, case continued. Status Hearing set for 07/17/2020 at 09:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (Court Reporter J. Egal)(jlan) (Entered: 06/12/2020)

- 04/13/2020    35    ORDERED that the status conference is CONTINUED from Friday, May 22, 2020 to Friday, June 12, 2020 at 9:00 a.m. as to Ali Shukri Amin. Signed by District Judge Claude M. Hilton on 4/13/2020.

  Status Conference reset for 6/12/2020 at 09:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (lcre, ) (Entered: 04/14/2020)

- 01/13/2020    34    ORDERED that the Defendant's pro se Motion is DENIED, and it is FURTHER ORDERED that the status conference to determine the computer/internet monitoring requirement as a special condition of the Defendant's term of supervised release is continued to Friday, May 22, 2020 at 9:00 a.m. as to Ali Shukri Amin (1). Signed by District Judge Claude M. Hilton on 01/13/2020. (jlan) (Entered: 01/13/2020)

- 01/10/2020    33    NOTICE OF ATTORNEY APPEARANCE William N. Hammerstrom, Jr appearing for USA. (Hammerstrom, William) (Entered: 01/10/2020)

- 01/10/2020    32    Minute Entry for proceedings held before District Judge Claude M. Hilton: Status Hearing as to Ali Shukri Amin held on 01/10/2020. US appeared through: Neal Hammerstrom. Deft not present. Matter came on for a Status Hearing for modification and special conditions of the term of supervised release, case continued for Deft to be present. Status Hearing set for 05/22/2020 at 09:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (Court Reporter: J. Egal) (jlan) (Entered: 01/10/2020)

  ...

- 12/12/2019    30    ORDERED that this case is set for a Status Conference on Friday, January 10, 2020 at 9:00 a.m. as to Ali Shukri Amin.Signed by District Judge Claude M. Hilton on 12/12/2019.

- Status Conference set for 1/10/2020 at 09:00 AM in Alexandria Courtroom 800 before District Judge Claude M. Hilton. (lcre, ) (Entered: 12/12/2019)

Therefore, there are no legal arguments or material facts on the record of the court's docket for the defendant to rebut. In order for the government to make such a request, they are required to file a brief

upon the court's docket, as per [United States v. John Walker Lindh, 1:02-cr-00037-TSE-1]. The judge may only adjudicate based on those arguments and facts submitted to the record of the court and may not act as a controverting witness. The defendant is the only party to submit arguments of law or facts, therefore he is entitled to relief.

## DECLARATORY CERTIFICATE of DELIVERY and SERVICE

1. I, ALI SHUKRI AMIN, hereby certify  affirm, and declare in proper person, under penalty of perjury pursuant to [29 USC § 1746] that the following stated herein below is true, correct, and complete - to the best of his knowledge, understanding, and belief. By signing below, I affirm that: this motion/complaint complies with the requirements of the [Federal Rule of Court Procedure 11]. To the best of my information and knowledge, I certify that it is not presented for any improper purpose. It is supported by meritorious arguments of law and the factual contentions presented have evidentiary support, or, if found to be deficient, will likely be identified to have evidentiary support after reasonable opportunity for investigation.

2. It is a truly served copy, as per [Federal Rule of Civil Procedure 5(b)], [Federal Rule of Appellate Procedure 25(A)(iii)],  [Federal Rule of Appellate Procedure 29], and the [Supreme Court Rules]. All of this was accomplished by placing the documents in a sealed, postage-paid, envelope, then depositing it in the United States Postal Mail.

x _____, Pro Se

Signed on 7 / 5 /2020

Ali Shukri Amin
2114 Carthage Drive
Woodbridge VA, 22191

<u>DECLARASATORY CERTIFICATE of DELIVERY and SERVICE</u>

1. I, ALI SHUKRI AMIN, hereby certify, affirm, and declare in proper person, under penalty of perjury pursuant to [28 USC § 1746] that the following stated herein below is true, correct, and complete - to the best of his knowledge, understanding, and belief. By signing below, I affirm that this motion/complaint complies with the requirements of the [Federal Rule of Court Procedure 11]. To the best of my information and knowledge, I certify that it is not presented for any improper purpose. It is supported by meritorious arguments of law and the factual contentions presented have evidentiary support, or, if found to be deficient, will likely be identified to have evidentiary support after reasonable opportunity for investigation.

2. It is a truly served copy, as per [Federal Rule of Civil Procedure 5(b)], [Federal Rule of Appellate Procedure 25(A)(iii)]. [Federal Rule of Appellate Procedure 29], and the [Supreme Court Rules]. All of this was accomplished by placing the documents in a sealed, postage-paid, envelope, then depositing it in the United States Postal Mail.

x_____ Pro Se

Signed on __/__/__20___

Ali Shukri Amin
2114 Carthage Drive
Woodbridge VA, 22191