بسم الله الرحمن الرحيم

In the United States District Court for the Eastern District of Virginia

UNITED STATES of AMERICA, Plaintiff;   )

v.                                       )   Cr. No. [1:15-cr-00164]

ALI SHUKRI AMIN,                         )

Defendant proceeding *pro se*.

## MEMORANDUM in SUPPORT of DEFENDANT'S OBJECTION to PROSECUTION'S INFORMAL REQUEST for MODIFICATION of PLEA DEAL, PROBATION TERMS, and SENTENCE

### VI. VIOLATION and BREACH of PLEA DEAL

1.     A plea bargain is an agreement between the government and a defendant. Once a judge approves it, the bargain becomes enforceable by law. With any such contract, both parties must live up to its' terms. If the government, through any of its' branches, fails to meet a term of the plea deal – then it is breached allowing for collateral attack on the sentence. One of the primary ways by which the United States government can violate a plea deal is by contradicting the positions in the deal on: probation, parole, suspended sentences, alternative sentencing, consecutive sentencing, or credit for time served.

2.      A plea deal is a contract. However, the defendant's fundamental due-process right trump

contract law. Therefore, plea deals are subject to a much higher standard of scrutiny than a typical

contract. Ordinarily, as the government has so much bargaining power, courts resolve conflicts, such as

those resulting from ambiguities, in favor of defendants. Additionally, defendants have a constitutional

right to enforcement of plea bargains that have already been accepted by the court.


3.      Were the defendant's probation conditions modified due to a government request, his plea deal

would be violated. It would be intentionally violated by the prosecutor for arguing for this modification.

It would further be violated by the judge, as the judge has approved the plea deal. There has been no

material change in circumstances since the plea bargain justifying such a modification. The defendant

opposes this change to his plea bargain. There is no doubt that the government had reasonable

understanding of the special conditions as to the defendant's probation at the time of plea deal

negotiations.


4.      The defendant is entitled to relief.


VII.      IMPLICATION JUDGE HILTON FAILED to PROPERLY SENTENCE


5.      This case was adjudicated on August 30th of 2015. At that time, all relevant Memorandums were

filed. The case was litigated, with both sides presenting all relevant arguments. The important issues

pertaining to sentencing were all considered. The judge weighed the details and decided. Had the

government wished to include these conditions of probation, they should have done so when they had the opportunity at that time. Due to the plea deal, the government is unable to appeal.

6.      In an implication that judge Hilton failed to properly sentenced Amin, the government has requested a modification of the sentencing — which they agreed to in the plea deal. However, such a request has not been made in proper form. Simply because the government is now upset with the plea deal and cannot directly appeal is no justification for granting their request, which essentially involves resentencing. Had the government objected to judge Hilton's sentence, they should have objected at the time, not five years later. The opportunity for them to object has simply ended.

## VIII.     PRINCIPLE of THE LEAST RESTRICTIVE MEANS

7.      All laws and regulations must be "compelling to state interest" and "narrowly tailored" to achieve that compelling purpose. Additionally, the law must use the "least restrictive means" to implement that narrowly tailored law which is compelling to state interest. This requirement is known in law as "strict scrutiny". The government's interest can never supersede constitutional rights, and any interpretations to constitutional rights in laws must overcome the principle of strict scrutiny and have a rational basis [United States v. Carolene Products Co. (1938)], *Cf.* [Korematsu v. United States (1944)].

8.      Judicial power is vested in one Supreme Court and in any inferior courts that Congress may ordain as necessary. That includes this District court which the petitioner's case was heard in. [Article I, section 8, clause 18] require Congress to implement judicial power in the courts, which has been carried

into execution as per [28 USC part I] and elsewhere in the [United States Code]. Therefore, actions outside of provably delegated authority are within the ken of a court to repair, "[w]here an executive officer, under his misconstruction of the law, has acted without or beyond the powers given him, the courts have jurisdiction to restore the status quo ante insofar as that may be done." [United States v. Mott, 37 F.2d 860, 862 (10th Cir. 1930)] Cf. [Flavell v. Dept. of Welfare, City and County of Denver, 355 P.2d 941, 943 (Colo. 1960]. [Tulsa Exposition and Fair Corp. v. Board of County Commissioners, 468 P.2d 501, 507 (Ok. 1970)].   [Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1523 (D.C. Cir. 1984)].  [Outboard Marine Corp. v. Thomas, 610 F.Supp. 1234, 1242 (N.D. Ill. 1985)].

9.      As jurisdiction for any acts is automatically presumed absent for all District Courts, the plaintiff is required to prove their legal claim to authority alter the defendant's plea deal and sentence beyond reasonable doubt. The plaintiff has to demonstrate a constitutional basis that their request passes the strict scrutiny and rational basis standards. [United States Const. Article 1, section 1] vests all legislative powers in Congress. [Article I, section 8, clause 18] states,

> "... it is specifically provided that the Congress shall have the power to make all laws necessary and proper for carrying into execution not only its own powers, but also all other powers vested by the Constitution in the [Federal] Government of the United States, or in any department or officer thereof."

This provision establishes that the States of the Union, acting through their Congressional delegates, are exclusively vested with the legislative power to either implement or rescind laws designed to actualize the powers vested in the Federal government by the Constitution. It does not vest judges with any unlimited legislative authority to enact any legislation which they subjectively deem "necessary and proper." As the phrase "necessary and proper" is not punctuated, it must be understood to be modified by the following term "for."

53.     Understanding that, it is perspicuous that only two types of laws may be enacted. Those "necessary... for carrying into execution" all powers vested by the Constitution in the government and those "proper for carrying into execution" all powers vested by the Constitution in the government. Congress, therefore, has no unrestricted power to make law. It has an extremely limited power to legislate for a specified purpose. What [Article I] does establish is that the Union's several independent States have absolute authority over the Federal government and not vice versa. The Federal government's powers remain dormant until or unless the States endow it.

54.     As the Federal government has no intrinsic power to modify the defendant's sentence and plea deal after contracting it, the court must consider the strict scrutiny standards. The defendant's fundamental constitutional rights are already infringed due to his detention, probation, and special conditions — all for a term of life. Additionally, his inherent human rights as per the [Bill of Rights] and due-process clause of the [Fourteenth Amendment to the Constitution] are further threatened by this draconian proposal.

55.     Notwithstanding the myriad other issues with the government's request, in order to pass simply the strict scrutiny test and represent the least restrictive means, three essential components must be

- The modifications to the plea deal and sentence must be the least restrictive means for achieving that interest:

There must not be a less restrictive way to effectively achieve the compelling government interest. Therefore, the government had to prove, to the record of the court, that the defendant's current probation is not restrictive enough. No such evidence exists.

## IX.  GOOD BEHAVIOR

56.       The defendant has demonstrated excellent behavior on probation and is meeting all of the expectations of the probation office, even those which are not narrowly tailored. He has constantly labored to meet his terms of probation, is currently enrolled in post-secondary education, and generally has demonstrated exemplary behavior. There is no evidence in the record of the court to the contrary.

## X.  UNCONSTITUTIONALITY of ELEMENTS REQUESTED

a) Internet Restrictions:

"**Internet Restrictions:** You shall not possess or use a computer... without the approval of the U.S. Probation and Pretrial services. Your cooperation shall include, but not be limited to, allowing installation of a computer... monitoring program and/or identifying computer

present. *Cf.* [Village of Arlington Heights v. Metropolitan Housing Development Corp], [Yick Wo v. Hopkins], [Skinner v. State of Oklahoma, ex. rel. Williamson, 316 U.S. 535 (1942), cf. Buck v. Bell 274 U.S. 200 (1927)], [Brown v. Board of Education, 347 U.S. 483 (1954)], [One, Inc. v. Olesen, 301 U.S. 340 (1958)], [Sherbert v. Verner, 374 U.S. 398 (1963)], [Griswold v. Connecticut, 381 U.S. 479 (1965)], [Loving v. Virginia, 897 U.S. 113 (1967)], [Wisconsin v. Yoder, 406 U.S. 205 (1972)], [Roe v. Wade, 410 U.S. 113 (1973)], [Employment Division v. Smith, 494 U.S. 872 (1990)], [Romer v. Evans, 380 U.S. 144 (1996)], [City of Boerne v. Flores, 521 U.S. 507 (1997)], [Gonzales v. O Centro Espírita Beneficente União do Vegetal, 546 U.S. 418 (2006)], [United States v. Windsor, 570 U.S. 744 (2013)].

- The modifications to the plea deal and sentence must be justified by a compelling governmental interest.

The probation modifications must be proven on the record of the court to be absolutely necessary or crucial, as opposed to something merely preferred. This would include a material national security interest, preserving the lives of a large number of individuals, or upholding the rule of law over a large portion of the nation.

- The modifications to the plea deal and sentence must be narrowly tailored to achieve that goal or interest.

If the government action encompasses too much, is overbroad, or fails to address essential aspects of the compelling interest – then the rule is not considered narrowly tailored. No evidence has been submitted by the government to prove this aspect.

system, internet-capable devices, and similar memory and electronic devices to which you have access. ...

57.       The probation office has already implemented this restriction *without* prior approval from the court. They have compelled the defendant to install software known as "RemoteCom". RemoteCom is a form of malware known as "spyware". It does not allow the defendant to have an effective antivirus due to it's malicious code. RemoteCom takes screenshots of the defendant's screen, regardless of whether he is using the internet, uses a keylogger, regardless of whether he is accessing the internet, and searches files not connected to the internet. The government is required to demonstrate how this is a narrowly tailored interpretation of the existent probation condition.

58.       RemoteCom's contract says,

> 1. You shall not possess or let another individual possess an unauthorized computer in your home. ("Unauthorized" means any computer that is not being actively monitored by the monitoring service without prior approval from the Supervising Officer.)

Therefore, RemoteCom's conditions require him to permit his entire family to be monitored. How this is a narrowly tailored interpretation of a restriction requiring monitoring of internet

traffic is beyond the defendant. Furthermore, not only is Ali barred from the types of devices he may own, but his entire family is also barred from owning any other device.

59.       Ali's internet-use being monitored should not affect his employment prospects. However, RemoteCom's contract states,

> 2. You are permitted to use computer systems at your place of employment for employment purposes only with prior approval from the Supervising Officer.

The difficulty in finding any job which is above minimum wage which does not require any sort of computer system, regardless of whether it is connected to the internet or not, reaches a level unconstitutionally affecting the defendant's right to the pursuit of happiness — and is therefore a violation of due-process.

> 3. You are permitted to use computer systems at the educational facility where you are enrolled for education-related purposes only with prior approval from the Supervising Officer.

> 4. You must provide to the Supervising Officer or designee all usernames, and user passwords for email, electronic bulletin boards, chats, instant messaging, newsgroups, user groups, and peer-to-peer file sharing programs if you are required to do so by law or by the court as a special condition of your probation.

61.         RemoteCom essentially bans the defendant from internet use. A total ban on internet use has been decided unconstitutional by several courts, due to the ubiquitous nature of internet-usage across the world. An essential aspect of internet use is the Hyper-Text Transfer Protocol (HTTP). HTTP and its successor HTTPS (Secure) are encryption protocols which are required to access any website on the internet. RemoteCom's contract states,

> 7. You agree that you will not use any form of encryption, cryptography, steganography, compression, password protected files or other method that might limit access to or change the appearance of data or images without prior written approval from your Supervising Officer or designee. If, for work purposes, password protection is required on any system or files used by you, you will provide the password upon request of the Supervising Officer or designee.

Therefore, the defendant is barred by the probation office from accessing the internet for a term of life. [United States v. Duke, 788 F.3d 392 (5th Cir. 2015)] ruled that a lifetime ban prohibiting the probationer from the internet was flatly unconstitutional without restriction. *Cf.* [United States v. Scott, No. 15-30516, slip op. at 11-14 (5th Cir. April 19, 2016)] (vacating lifetime bans on computer and internet). The government will be unable to prove this clause constitutional because it has been decided by multiple courts to be unconstitutional.

> 9. You voluntarily consent to announced and unannounced examination by the Supervising Officer or designee of any and all computer(s) and/or electronic

60.        Were RemoteCom's terms narrowly tailored to the defendant's circumstances then it would have no restrictions designed for sex offenders. However, RemoteCom's contract states,

> 5. You shall not view, subscribe to, download, or transmit any sexually oriented or sexually stimulating material in any medium, including but not limited to text, images, movies, or other multi-media files, in violation of state or federal laws or if the court so orders as a special condition of probation.

The government is required to explain how this clause is narrowly tailored to the defendant's terms of probation and is in the interest of the state.

> 6. You agree not to search for, view, download, possess, or transmit certain materials related to, or part of, the grooming cycle for your crime. Such materials include, but are not limited to, the following:   images of your victim, fictional stories or images related to your crime or similar crimes, or images that depict individuals similar to your victims (e.g. children).

The defendant is barred from viewing pictures of children, including his underage siblings, some of whom live abroad, due to these restrictions. The government must demonstrate how this is narrowly tailored in the interest of the state.

devices(s) to which you have access for the limited purpose of detecting content prohibited by this document, conditions of probation/ parole, or court order. This consent to examine includes access to all data, including images, stored on hard disks, Zip Disks, floppy diskettes, CD ROMs, optical disks, magnetic tape and/or any other storage media whether installed within a device or removable and separate from the actual computer device.

10. You will provide the Supervising Officer or designee with a current list of all equipment used or possessed by you, including back-up systems, and external storage devices and media. You will keep this list current.

None of these advices which the probation office has been given unilateral control over can even access the internet. The government must prove the applicability of these conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.

11. You agree to install, or allow to be installed at you own expense, equipment or software to monitor or limit computer use. You agree to waive any expectations of privacy from the Supervising Officer, his or her designee, Agencies and/or Governments responsible for supervising your probation, or RemoteCOM regarding computer use or information stored on the computer if monitoring software is installed and understand and agree that information gathered by said monitoring

software may be used against you in subsequent court actions regarding your computer use and conditions of supervision.

12. You agree to be fully responsible for all material, data, images and information found on your computer, or any devices subject to monitoring/search at all times.

The government must prove the applicability of these conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.

13. ... You understand and agree that your computer, related equipment, and storage devices are subject to seizure by Supervising Officer or designee if, during an announced or unannounced examination of the computer or other media, the Supervising Officer or designee finds any evidence of computer use prohibited by this document.

The government must prove the applicability of these conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.

14. You shall not use or own any device which allows Internet access other than authorized by the Supervising Agency or your Supervising Officer. This includes but is not limited to, satellite dishes, PDA's, Electronic Games, Gaming systems, WebTelevision, Internet appliances, and cellular/digital phones.

34

conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.

Additionally, adherence to RemoteCom's unconstitutionally strict restrictions has directly lead Amin to have two debit cards used to pay for the service used for fraud.

b) Online Communications Restrictions:

The government seeks to modify the defendant's probation thusly,

**Online Communications Restrictions:** Your written online communications, if any, shall be conducted in the English language, unless you receive the approval of the supervising probation officer and/or the court.

During the term of supervision [life], the defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant, unless approved by the Probation Office.

62.      This is a restriction on the defendant's freedom of speech. In [Brandenburg v. Ohio] a leader of a Ku Klux Klan group was convicted under the Ohio Criminal Syndicalism statute for "advocat[ing] . . . the duty, necessity, or propriety of crime, sabotage, violence, or unlawful methods of terrorism as a means of accomplishing industrial or political reform" and for "voluntarily assembl[ing] with any society, group, or assemblage of persons formed to teach or advocate the doctrines of criminal

The government must prove the applicability of these conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.

15. You shall not have another individual access the Internet on your behalf to obtain files or information which you are restricted from accessing yourself.

This is a violation of the defendant's right to freedom of speech and the press. The government must prove the applicability of these conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.

17. You are strictly prohibited from purchasing, playing, registering, or participating in any online game without the prior express written approval of the Supervising Officer or designee, if a court so orders in as a special condition of supervision.

21. You voluntarily waive any expectation of privacy from Probation/ Parole Operations, Agencies and/or Governments responsible for your supervision, or REMOTECOM while using this system. ...

The court did not require the defendants to give up any expectation of his privacy, only to allow the probation office to monitor his internet use. The government must prove the applicability of these

syndicalism." He was fined $1,000 and sentenced to one to 10 years' imprisonment. The appellant challenged the constitutionality of the criminal syndicalism statute under the First and Fourteenth Amendments to the United States Constitution and the Supreme Court reversed. *Cf.* [Dennis v. United States, 341 U.S. 494 , at 507 (1951)]. [Herndon v. Lowry, 301 U.S. 242, 259 -261 (1937)]; [Bond v. Floyd, 385 U.S. 116, 134 (1966)]. [Yates v. United States, 354 U.S. 298 (1957)]; [De Jonge v. Oregon, 299 U.S. 353 (1937)]; [Stromberg v. California, 283 U.S. 359 (1931)].

63.        Freedom of speech may only be restricted if it is criminal, and, as pertains to this case, in support of terrorism. In [Humanitarian Law Project], the Court addressed the important question of whether speech could be criminalized as provision of material support in the form of a "service" to a designated Foreign Terrorist Organization (FTO). The court decided that speech can only be unlawful when that speech is in some way a service sufficiently coordinated with a FTO. [Schenck v. United States, 249 U.S. 47, 52],

> "The question in every case is whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent. It is a question of proximity and degree."

64.        Therefore, the [First and Fourteenth Amendments] provide a wide scope of permissibility regarding speech. Not least of that is the freedom to communicate in the medium most appropriate,

37

including languages other than English. The United States has no official language, and while English is the *de facto* language of government – there is no legal basis upon which to restrict the defendant's communications solely to English. [Blandenburg v. Ohio] justice Black concurring,

> "The lines drawn by the Court between the criminal act of being an "active" Communist and the innocent act of being a nominal or inactive Communist mark the difference only between deep and abiding belief and casual or uncertain belief. But I think, that all matters of belief are beyond the reach of subpoenas or the probings of investigators. That is why the invasions of privacy made by investigating committees were notoriously unconstitutional."

The government must prove the applicability of these requested conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state. The defendant has relatives whom only speak Arabic with which he can only communicate online, so the government must demonstrate an interest which outweighs this one.

c) Extremist Materials

**No Extremist/Terroristic Materials:** You shall not possess, view, access, or otherwise use material that reflects extremist or terrorist views or is deemed to be inappropriate by the U.S. Probation Office.

38

65.        Violent extremism is a compound word. It contains two components: extremism, then violence. Extremism is a term used to describe any ideology which views a ingroup as intrinsically superior to an "other". By adding violence, we define the term as a form of extremism that condones and accepts violence in public spaces to achieve ideological intents. According to these definitions, the defendant would be barred from possessing a copy of the [US Constitution]. The United States national ideology, "American Exceptionalism," holds that the United States is a unique social project which has produced the most sophisticated, moral, and advanced society in history. This superiority complex is both linear and also lateral, that modern Americans are superior to past civilizations and also superior to other concurrent civilizations. Therefore, the [Constitution] is an extremist document.

66.        Furthermore, the [Constitution] is, in practice, a violently extremist document. The [Constitution], [United States Code], and other aspects of law have been used to justify violence in public spaces against non-combatants. This has occurred essentially from this nation's inception up till the present day and is an indisputable historical fact. With the production of modern munitions, this has exploded to the extent where a new term has been coded for the total-war strategy waged under the [Constitution]: urbanocide.

67.        The government must prove the applicability of these requested conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.


        d) Communication with Known Extremists

**<u>No Communication with Known Extremist</u>** [sic]: You shall have no contact with any known Extremist or anyone suspect in any known Extremist activity."

68.     This requested condition violates the defendant's Rights of Association. The [Constitution] bars a construction of service that would abridge the exercise of rights guaranteed under the [First Amendment to the Constitution], [18 U.S.C. § 2339B(i)]. Furthermore, as specified above, this would bar the defendant from communicating with any known supporters of the US military complex, as it is the world's premier proponent of violent extremism.

69.     The government must prove the applicability of these requested conditions to their narrowly tailored interpretation of the defendant's existent probation conditions in the interest of the state.

**In the United States District Court for the Eastern District of Virginia**

| | | |
|---|---|---|
| **UNITED STATES of** | ) | |
| **AMERICA,** | ) | |
| **Plaintiff;** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 1:15-cr-00164** |
| | ) | |
| **ALI SHUKRI AMIN,** | ) | |
| **Defendant proceeding** | ) | |
| ***pro se.*** | ) | |

## ORDER

Upon consideration of the United States' request to modify the terms of the defendant's probation, and, for good cause shown, it is this _____ day of _____ 2020, hereby:

**ORDERED** that the government's request to modify defendant's terms of probation is **DENIED;** it is

**FURTHER ORDERED** that the United States Probation Office interpret the defendant's special condition of probation, namely internet monitoring, to mean that he should submit logs of all of his web-browser history to the probation office monthly, and it is;

**FURTHER ORDERED** that the defendant is not required to install any sort of third-party software or spyware which universally restricts his access to the internet or constitutional right to privacy outside of his terms of probation.

In the United States District Court for the Eastern District of Virginia

UNITED STATES of ) 
AMERICA )
)
Plaintiff, )
)
v. ) Cr. No. 1:15-cr-00164
)
)
ALI SHUKRI AMIN, )
Defendant proceeding )
pro se. )

## ORDER

Upon consideration of the United States' request to modify the terms of the defendant's probation, and for good cause shown, it is this _____ day of _____, 2020, hereby;

**ORDERED** that the Government's request to modify the defendant's terms of probation is **DENIED;** it is

**FURTHER ORDERED** that the United States Probation Office interpret the defendant's special condition of probation, namely internet monitoring, to mean that he should submit logs of all of his web-browser history to the probation office monthly; and it is

**FURTHER ORDERED** that the defendant is not required to install any sort of third party software or spyware which unduly restricts his access to the internet or constitutional right to privacy outside of the terms of probation.

**SO ORDERED.**

_____

Claude Hilton

United States District Judge

**Copies To:**

William N. Hammerstrom , Jr.

United States Attorney's Office

2100 Jamieson Ave

Alexandria, VA 22314

(703)299-3700

Email: Neil.Hammerstrom@usdoj.gov

ATTORNEY TO BE NOTICED


Ali Shukri Amin

2114 Carthage Drive

Woodbridge, VA 22191

DEFENDANT

## DECLARATORY CERTIFICATE of DELIVERY and SERVICE

1. I, ALI SHUKRI AMIN, hereby certify  affirm, and declare in proper person, under penalty of perjury pursuant to [29 USC § 1746] that the following stated herein below is true, correct, and complete - to the best of his knowledge, understanding, and belief. By signing below, I affirm that: this motion/complaint complies with the requirements of the [Federal Rule of Court Procedure 11]. To the best of my information and knowledge, I certify that it is not presented for any improper purpose. It is supported by meritorious arguments of law and the factual contentions presented have evidentiary support, or, if found to be deficient, will likely be identified to have evidentiary support after reasonable opportunity for investigation.

2. It is a truly served copy, as per [Federal Rule of Civil Procedure 5(b)], [Federal Rule of Appellate Procedure 25(A)(iii)],  [Federal Rule of Appellate Procedure 29], and the [Supreme Court Rules]. All of this was accomplished by placing the documents in a sealed, postage-paid, envelope, then depositing it in the United States Postal Mail.

x _____ , Pro Se

Signed on _7_/_5_/20_20_

Ali Shukri Amin
2114 Carthage Drive
Woodbridge VA, 22191

## DECLARATORY CERTIFICATE of DELIVERY and SERVICE

1. I, ALI SHUKRI AMIN, hereby certify, affirm, and declare in proper person, under penalty of perjury pursuant to [28 USC § 1746] that the following stated herein below is true, correct, and complete - to the best of his knowledge, understanding, and belief. By signing below, I affirm that this motion/complaint complies with the requirement of the [Federal Rule of Court Procedure 11]. To the best of my information and knowledge, I certify that it is not presented for any improper purpose. It is supported by meritorious arguments of law and the factual contentions presented have evidentiary support, or, if found to be deficient, will likely be identified to have evidentiary support after reasonable opportunity for investigation.

2. It is a truly served copy, as per [Federal Rule of Civil Procedure 5(b)], [Federal Rule of Appellate Procedure 25(A)(2)(iii)], [Federal Rule of Appellate Procedure 29], and the [Supreme Court Rules]. All of this was accomplished by placing the documents in a sealed, postage-paid, envelope, then depositing it in the United States Postal Mail.

X _____ Pro Se

Signed on __/__/20___

Ali Shukri Amin
2114 Carthage Drive
Woodbridge VA, 22191