IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:15-cr-164 (CMH) |
| | ) | (Hearing: July 24, 2019, 9:00 a.m.) |
| ALI SHUKRI AMIN, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by its attorneys, G. Zachary Terwilliger, United States

Attorney for the Eastern District of Virginia, and W. Neil Hammerstrom, Jr., Assistant United

States Attorney, hereby files this Motion to Modify Conditions of Release in support of the U.S.

Probation Office's proposed modifications to the conditions of the defendant's supervised

release.

I.    Background

1.    From June 2014 through February 26, 2015, defendant Ali Amin and others

conspired to provide material support to the Islamic State in Iraq and the Levant ("ISIL").

Specifically, on June 26, 2014, Amin started the Twitter account: @AmreekiWitness, which

boasted over 4,000 followers. The defendant used the account as a pro-ISIL platform during

the course of over 7,000 'tweets.'   Specifically, the defendant used this account to conduct

Twitter-based conversations regarding ways to develop financial support for ISIL using on-

line currency Bitcoin, and ways to establish a secure donation system or fund for ISIL.

2.    Through @AmreekiWitness, the defendant also discussed methods to provide

financial support for those wanting to commit jihad and for those individuals trying to travel

overseas.   The defendant also operated an AmreekiWitness page on the website ask.fm.   The
defendant used these accounts extensively as a platform to proselytize his radical Islamic
ideology, justify and defend ISIL's violent practices, and to provide advice on topics such as
jihadists travel to fight with ISIL, online security measures, and about how to use Bitcoin to
finance themselves without creating evidence of crime, among other matters.

3.      Beginning in September 2014, Amin began an effort to convert an 18-year-old
resident of Prince William County, Virginia, Reza Niknejad, to a radical form of Islam.   In
late November or early December 2014, the defendant put Niknejad in touch, via Surespot,
with SUBJECT 1, an ISIL supporter located in a FOREIGN COUNTRY 1, in order to
facilitate Niknejad's travel to Syria to join and fight with ISIL.   The defendant also arranged
for SUBJECT 1 to send Niknejad a package containing a phone for Niknejad's use during his
travel to Syria, an encrypted thumb drive, and a letter.   Additionally, through his online
activity, Amin facilitated travel into Syria for two associates of SUBJECT 1 – SUBJECTS 2
and 3 – so that all three FOREIGN COUNTRY 1 subjects could join and fight with ISIL.

4.      Niknejad purchased airline tickets from Dulles International Airport to Athens,
Greece, with a layover in Istanbul, which was Niknejad's intended final destination.   Once in
Istanbul, Niknejad was to meet up with the three FOREIGN COUNTRY 1 subjects, travel to
Gaziantep, and then the border town of Urfa to meet an ISIL contact and cross into Syria.

5.      On January 14, 2015, Amin and another co-conspirator, Luis Portorreal, drove
Niknejad to Washington Dulles International Airport.   During the trip, Portorreal drove, and
the defendant provided instruction to Niknejad on where to go once he arrived in Turkey in
order to meet up with other ISIL supporters traveling to Syria to join ISIL.   Niknejad was

last seen by his family on January 14, 2015, when he claimed to have departed with an unknown friend for a camping trip.   U.S. Customs and Border Protection records later confirmed that Niknejad flew from Dulles International Airport to Istanbul, where he deplaned without flying on to Athens.

6.      On January 16, 2015, SUBJECT 1 communicated with Amin, via Surespot, that the three FOREIGN COUNTRY 1 subjects and Niknejad had successfully crossed over into Syria.   After Niknejad's departure, the defendant and Portorreal delivered to Niknejad's family in Prince William County, Virginia a letter from Niknejad addressed to his family and a USB thumb drive.   The letter and contents of the thumb drive indicated that Niknejad did not plan to see his family again.   Further investigation has revealed that Niknejad was likely killed near the Syria-Turkey border sometime in January 2016.

7.      Upon acceptance of the government's motion, pursuant to 18 U.S.C. § 5032, to proceed against defendant Amin -- then a 17-year old juvenile -- in an adult prosecution, the defendant waived indictment and entered a guilty plea on June 11, 2015 to a one-count criminal information charging him with providing material support to a designated foreign terrorist organization (ISIL), in violation of 18 U.S.C. § 2339B.

8.      On August 28, 2015, defendant Amin was sentenced to 136 months of imprisonment and a lifetime term of supervised release.   On April 27, 2018, the Court reduced the defendant's sentence of imprisonment to 72 months following the filing of a motion by the government.

II.   Proposed Modification of Terms of Supervised Release

The United States Probation Officer assigned to the defendant's case has proposed adding the following special conditions to those that were imposed by the Court at sentencing for the defendant's lifetime period of supervised release:

**Computer/Internet Restrictions/Monitoring**: You shall not possess or use a computer or have access to any online service without the approval of the U.S. Probation and Pretrial Services Office. Your cooperation shall include, but not be limited to, allowing installation of a computer and internet monitoring program and/or identifying computer system, internet-capable devices, and similar memory and electronic devices to which you have access. Monitoring may include random examinations of computer systems along with internet, electronic, and media storage devices under your control. The computer system or devices may be removed for a more thorough examination, if necessary. You shall contribute to the cost of such monitoring services, based on your ability to pay, as deemed appropriate by the U.S. Probation Office.

You shall not access Internet Relay Chats or newsgroups or participate in any online social environment (i.e., Facebook, Twitter, Second Life, Linkedin, Craigslist, FaceTime, WhatsApp, Instagram, video/audio, etc.) or texting applications, which allow the user interaction unless pre-approved and authorized by the probation officer and the Court.

**Online Communications Restrictions**: Your written online communications, if any, shall be conducted in the English language, unless you receive the approval of the supervising probation officer and/or the Court.

During the term of supervision, the defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant, unless approved by the Probation Office.

**No Extremist/Terroristic Materials**: You shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views or is deemed to be inappropriate by the U.S. Probation Office.

**No Communication with Known Extremist**: You shall have no contact with any known Extremist or anyone suspected in any known Extremist activity.[1]

---

[1] The avoid any claim of undue vagueness, the government hereby proposes amending this last proposed special condition to read:

   **No Communication with Known Violent Extremist**:   You shall have no contact with any individual you have reason to believe supports the use of illegal violence to coerce or intimidate people or governments.

III.   Argument

Section 3583(e) of Title 18, United States Code, provides in pertinent part:

The court may . . .

> (2) . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . .

18 U.S.C § 3583(e).

A district court can impose special conditions of supervised release as long as the conditions are "reasonably related" to the factors in 18 U.S.C. 3553(a) and involve "no greater deprivation of liberty than is reasonably necessary." *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted); *see also* 18 U.S.C. § 3583(d)(1). The relevant section 3553 factors for the instant case include the following:   the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public.   18 U.S.C. §§ 3553(a)(1), and (a)(2)(B).   A district court has "broad latitude" in imposing special conditions.   *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003).

Here, the added special conditions of supervised release proposed by the probation officer are appropriate.   The defendant's conviction arose from a very serious offense – providing material support to a designated foreign terrorist organization.   As noted above, the defendant created a Twitter account that attracted over 4,000 followers.   Furthermore, through his online activity, the defendant facilitated financial support for ISIL through his followers and also facilitated travel to Syria for four individuals desiring to fight with ISIL.   The added special conditions proposed by the probation officer will help ensure that the defendant does not engage in unmonitored internet activities from the seclusion of his residence and elsewhere that would pose a threat to the public by further radicalizing him and others and by potentially bringing aid

to terrorists and other violent extremists.

Adding special conditions to the terms of the defendant's supervised release is also warranted when considering that he failed to completely demonstrate remorse for engaging in criminal conduct following his conviction.   Notably, the Bureau of Prisons encountered some disciplinary problem with the defendant once he began serving his sentence.   In December 2016, the defendant and two other inmates were placed in segregation as a result of "creating animosity amongst the Muslim community at FCI Gilmer in what appears to be a struggle for leadership."   The defendant was subsequently transferred to Allenwood Medium FCI.   There, he was sanctioned with a loss of good conduct time and placed in disciplinary segregation based on a finding of "assault without serious injury."   He was also cited at Allenwood for "possessing an unauthorized item," and a couple of minor infractions.   *See* BOP incident reports, attached.

IV.     Conclusion

Based on the foregoing, the government moves the Court to modify the terms of the

defendant's supervised release by adding the special conditions sought by the U.S. Probation

Office, as described above.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     _W. Neil Hammerstrom_

W. Neil Hammerstrom, Jr.
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700

# ATTACHMENTS

## FCI GILMER

and

## ALLENWOOD MEDIUM FCI



U.S. Department of Justice

Federal Bureau of Prisons

### Inmate Investigative Report

**Institution:** Gilmer FCI

**Case Number:** GIL-17-0031

**Investigation Type:** Investigative / Threat Assessment

**Inmates Involved:**

| Register Number | Name | Role |
|---|---|---|
| 85384083 | AMIN, ALI | Suspect |
| 32770037 | NASIRUDDIN, MUJAHID | Suspect |
| 40570007 | NASSEREE, KAMAL | Suspect |

**Staff Involved:**

| Name | Title |
|---|---|
| **No information was found for the given criteria.** | |

**Others Involved:**

| Name | Title |
|---|---|
| **No information was found for the given criteria.** | |

**Investigator:** Kinder, Britian     **Date:** 12/7/2016 11:58:31 AM CST

**CMC:**     SMITH, DAVID     **Date:** 12/21/2016 11:49:58 AM CST

**Captain:** WAGNER, WILLIAM     **Date:** 12/27/2016 8:59:15 AM CST

**Associate Warden:** SAAD, JENNIFER     **Date:** 1/3/2017 1:21:22 PM CST

**Warden:** SAAD, JENNIFER     **Date:** 1/3/2017 1:26:12 PM CST

**Summary:**
On December 2, 2016, staff received intelligence indicating inmates Ali Amin, Reg. No. 85384-083, Mujahid Nasiruddin, Reg. No. 32770-037, and Kamal Nasseree, Reg.No. 40570-007, have actively voiced opinions contradicting decisions made by the current leadership of the Muslim group. As a result of these conflicting beliefs they have creating animosity amongst the Muslim community at FCI Gilmer in what appears to be a struggle for leadership. To prevent any potential violence inmates Nasiruddin, Nasseree, and Amin were placed in the Special Housing Unit pending a Threat Assessment Investigation.

**Inmate Data:**



**Name:** 85384083 - AMIN, ALI

**Role:** Suspect

**Security Level:** MEDIUM

**Facility Arrival Date:** 6/8/2016

**Charges:**

**Description**

18:2339B CONSPIRACY TO PROVIDE MATERIAL SUPPORT AND RESOURCES TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION

**STGs:**

INTERNATIONAL TERR

ISIL-ISIS

POSTED PICTURE CARD FILE

**Age:** 19    **Race:** WHITE

**Custody Level:** IN

**Projected Release Date:** 2/3/2025

**Sentencing District**

VIRGINIA, EASTERN DISTRICT

**CIMs:**

No CIMs Found



8/6/2024

TRICT

```
ALMCD          *        INMATE DISCIPLINE DATA          *    12-04-2017
PAGE 001 OF 001 *  CHRONOLOGICAL DISCIPLINARY RECORD     *    13:55:31

REGISTER NO: 85384-083 NAME..: AMIN, ALI SHUKRI
FUNCTION...: PRT       FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 12-04-2017
```

-----------------------------------------------------------------------
```
REPORT NUMBER/STATUS.: 2828326 - SANCTIONED INCIDENT DATE/TIME: 03-17-2016 1900
DHO HEARING DATE/TIME: 04-07-2016 0845           DHO REPT DEL: 10-04-2016 0844
FACL/CHAIRPERSON.....: ASH/G MEHLER
APPEAL CASE NUMBER(S): 871338
REPORT REMARKS.......: 224A DENIED NOT TRUE. THEY AREN'T BEING TRUTHFUL. I DID
                       NOT THROW THEM AT HIS FACE.
    224A ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SM1 RFP: D
       DIS GCT    / 27 DAYS / CS
       COMP:010 LAW:P   DISALLOWED 27 DAYS GOOD CONDUCT TIME
       DS         / 30 DAYS / CS
       COMP:   LAW:   30 DAYS DISCIPLINARY SEGREGATION
       LP COMM    / 180 DAYS / CS
       COMP:   LAW:   LOSS OF COMMISSARY PRIVILEGES 180 DAYS
```
-----------------------------------------------------------------------
```
REPORT NUMBER/STATUS.: 2809782 - SANCTIONED INCIDENT DATE/TIME: 01-28-2016 1805
UDC HEARING DATE/TIME: 02-02-2016 1245
FACL/UDC/CHAIRPERSON.: ASH/K/T.GIBSON
REPORT REMARKS.......: INMATE ADMITTED TO BEING IN THE GYM WITH BOOTS ON
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
       LP COMM    / 30 DAYS / CS
       COMP:   LAW:   LOSS OF COMM FROM 02-02-2016 THRU 03-02-2016
       LP PHONE   / 30 DAYS / CS
       COMP:   LAW:   LOSS OF PHONE  FROM 02-02-2016 THRU 03-02-2016
       LP RECRE   / 30 DAYS / CS
       COMP:   LAW:   LOSS OF RECREATION FROM 03-02-2016 TO 04-01-2016
```
-----------------------------------------------------------------------
```
REPORT NUMBER/STATUS.: 2809810 - SANCTIONED INCIDENT DATE/TIME: 01-28-2016 1945
UDC HEARING DATE/TIME: 02-02-2016 1227
FACL/UDC/CHAIRPERSON.: ASH/K/T.GIBSON
REPORT REMARKS.......: INMATE ADMITTED TO PRAYING ON THE REC YARD
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
       LP OTHER   / 30 DAYS / CS
       COMP:   LAW:   LOSS OF TRULINCS FROM 02-02-2016 THRU 03-02-2016
       LP RECRE   / 30 DAYS / CS
       COMP:   LAW:   LOSS OF RECREATION FROM 02-02-2016 THRU 03-02-2016
```
-----------------------------------------------------------------------
```
REPORT NUMBER/STATUS.: 2785722 - SANCTIONED INCIDENT DATE/TIME: 11-20-2015 1210
UDC HEARING DATE/TIME: 11-27-2015 1415
FACL/UDC/CHAIRPERSON.: ASH/K/PRESTON
REPORT REMARKS.......: INMATE ADMITTED TO POSSESSING MATERIAL.
    305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
       LP PHONE   / 30 DAYS / CS
       COMP:   LAW:   LOSS OF PHONE PRIVILEGES 11-27-15 THRU 12-26-15.
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July 2020, I sent by first-class mail a true copy of

the foregoing "Government's Motion to Modify Conditions of Release" to:

Ali Shukri Amin
2114 Carthage Dr.
Woodbridge, VA   22191

W. Neil Hammerstrom, Jr.
Assistant United States Attorney