1



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA          )
                                  )
                                  )
    VS.                           )     1:15-CR-164  CMH
                                  )
                                  )     ALEXANDRIA, VIRGINIA
                                  )        JULY 24, 2020
                                  )
ALI SHUKRI AMIN                   )
_____)

_____

**TRANSCRIPT OF STATUS HEARING**
**BEFORE THE HONORABLE CLAUDE M. HILTON**
**UNITED STATES DISTRICT JUDGE**
_____

**Proceedings reported by stenotype, transcript produced by**

**Julie A. Goodwin.**

Julie A. Goodwin, CSR, RPR

2

1                          A P P E A R A N C E S

2

3    FOR THE PLAINTIFF:
            UNITED STATES ATTORNEY'S OFFICE
4           By:  MR. W. NEIL HAMMERSTROM, JR.
            Assistant United States Attorney
5           2100 Jamieson Avenue
            Alexandria, Virginia  22314
6           703.299.3700

7

8

9    FOR THE DEFENDANT:
            MR. ALI SHUKRI AMIN, Pro Se
10

11

12
     OFFICIAL U.S. COURT REPORTER:
13          MS. JULIE A. GOODWIN, RPR
            United States District Court
14          401 Courthouse Square
            Eighth Floor
15          Alexandria, Virginia  22314

16

17

18

19

20

21

22

23

24

25

3

1   (JULY 24, 2020, 9:00 A.M., OPEN COURT.)

2          THE COURTROOM DEPUTY:   *United States of America versus*

3   *Ali Amin*, Case Number 2015-CR-164.

4          MR. HAMMERSTROM:  Good morning, Your Honor.  Neil

5   Hammerstrom for the United States.

6          THE COURT:  All right.  Good morning.

7          THE DEFENDANT:  Good morning, Mr. Hilton.  Ali Amin,

8   the defendant.

9          THE COURT:  All right.  Good morning.

10          This comes on on your motion.  You can take your

11   mask off if you want to.

12          MR. HAMMERSTROM:  That's much appreciated.  Thank you.

13          Judge, the probation office, as you know, has

14   recommended four additional special conditions to be added to

15   Mr. Amin's supervised release.  The government feels these are

16   very reasonable.

17          This all arises out of conviction for material

18   support to ISIL, a foreign designated terrorist organization.

19   And Mr. Amin conducted all of his business over his computer at

20   home.  He had 4,000 followers.

21          He arranged for four people to go in and fight with

22   ISIS.  They're all believed dead now.  And these are reasonable

23   additions to his previously imposed conditions of supervised

24   release to ensure that he doesn't engage in this type of

25   activity from the privacy of his home with other supporters of

4

1   terrorist groups and is designed to protect the public.

2          The one thing the case law requires is that any

3   added special conditions be related to the 3553 factors that

4   are imposed at sentencing.  And we've identified the fact that

5   they relate to the nature -- the nature and circumstances of

6   the offense, the history and characteristics of the defendant,

7   and the need to protect the public.  And this is all outlined

8   on page 5 of our motion.

9          We would ask the Court to make findings that these

10  do relate to the 3553 factors and that they be imposed.

11          Thank you, Your Honor.

12          THE COURT:  All right.

13          THE DEFENDANT:  (Speaking in foreign language) in the

14  name of the one true god, encompassing the merciful --

15  merciful.

16          So, you generously gave me last time we met an

17  opportunity to look into what the prosecution was interested in

18  adding to my terms of probation, and I greatly appreciate that.

19  And in response, I filed a motion.

20          So the first thing I would like to clarify is that

21  this hearing today is not about the motion which the

22  prosecution just filed.  I received that motion about three

23  days ago.  These hearings were actually set in January.  In

24  fact, they didn't file a motion until I filed the motion.

25          So, the -- one of the procedural errors that was

1  one of my issues in my original motion was that the request was

2  made informally.  And as far as I could tell by my research,

3  they had to have submitted something before the docket of the

4  Court for it to be considered.  They did not do so until I had

5  already objected to it, and I only received that three days

6  ago.

7          So, it's important, I feel, to clarify that this

8  hearing was pertaining to their informal request, not the

9  request which they filed three days ago.  Because had I not

10  requested more time to review it last time, then it would have

11  been decided on that basis.

12          So, the next thing that I would like to go over --

13          THE COURT:  Well, how does that make a difference

14  to -- the probation officer sent me a request, and it was a

15  formal request that the conditions of your supervised release

16  be monitored, and indicated they were talking to you about it.

17  The government has now come along and filed a written motion

18  and response to that, and it's the same conditions that you

19  were on notice of and I was on notice of and the probation

20  officer's requesting.  So how does that prejudice you any or

21  cause any problem in our procedure here?

22          THE DEFENDANT:  Because in order for anything to be

23  decided it has to be submitted to the record of the Court and

24  the docket of the Court.  As far as I'm aware, neither -- the

25  judge can't act as a witness or as any other kind of support

6

1  until the prosecution says or use any kind of facts or anything

2  which are not evident within the docket of the Court.

3           So, for -- I'm not aware of any other instance

4  where -- and I looked into a -- probably the most closest case,

5  the most similar case was a recent case of *United States versus*

6  *John Walker Lindh* where they required similar conditions.  And

7  unlike this case, in that case the prosecution had filed a

8  motion for it to be requested.

9           So I'm unclear as to how the conditions could be

10 considered if they're not formally submitted to the docket of

11 the Court.  Maybe it's my lack of understanding because I am a

12 layman, but it was just something that I would like to --

13      THE COURT:  Well, what do you want me to do, give you

14 two weeks to respond to the formal conditions here, which is

15 the same thing that we've been talking about for some period of

16 time?  Do you want additional time to respond to the filing

17 that the government's made?

18      THE DEFENDANT:  No.  I think I'm ready to respond even

19 though I wasn't given enough time to particularly look at their

20 arguments in the motion.  As you said, the conditions were

21 already up for consideration, and I did have the time to take a

22 look at it.

23      THE COURT:  Well, you already knew about it.  I mean,

24 they didn't give you new to consider.

25      THE DEFENDANT:  And you're right, in terms of the

7

1    conditions, so I'm ready to -- to discuss that.

2         THE COURT:  All right.  Then go ahead.

3         THE DEFENDANT:  So, I was sentenced in 2015, and at

4    the time of sentencing, I was a juvenile.  When you look at my

5    judgment commitment order, which you wrote, it says that I had

6    two special conditions, which is that I will provide the

7    probation officer with any requested financial information and

8    that I'll be subject to any screening or monitoring of Internet

9    use as directed by the probation officer.

10        And I think it's very, very important to highlight

11   that I have a life term of probation, so any kind of

12   modifications of my probation, particularly to make it more

13   expansive, is something which compared to the average person

14   who might have a couple of years' term of probation is

15   something which is going to affect me for the rest of my life.

16   So I feel like that's something which should definitely be

17   considered.

18        The prosecution, through the probation office,

19   would like to add Internet restrictions, online communication

20   restrictions, a ban on extremists, slash, terroristic

21   materials, and no commun -- no knowing -- or communication with

22   any known extremists.

23        So, one of the issues that I have with this is that

24   it implies that there was an issue with the sentencing hearing,

25   because I've only just been released.  So, if these

1  restrictions were in the public interest and they were

2  necessary, why weren't they brought up at the time of

3  sentencing?

4          What has changed substantially or tangibly from now

5  to sentencing that it's felt that there needs to be more

6  abridgement of my liberties since then?

7          So that's something that I didn't find any kind of

8  record or any kind of evidence for in their motion.  They

9  didn't submit anything to substantiate that, as far as I could

10  tell.

11          And then another issue that I have is that it

12  doesn't seem like their request respect to standard of strict

13  scrutiny.  So, there's certain things in particular when we're

14  looking to expand a person's special conditions for probation,

15  or otherwise restrictive liberties in general that has to meet

16  the standard of strict scrutiny.  And that's something I would

17  like to -- I'd like to discuss.

18          So, it's also important to note that in their

19  motion the prosecution did not cite a constitutional basis or

20  even a statutory basis for what they -- for what they

21  requested.  Primarily, their arguments were based off of case

22  law.  And as we know, case law isn't binding on anybody except

23  for the parties at the hearing.  So, in response, I would like

24  to make constitutional and statutory arguments because I feel

25  like those are probably a little bit more substantive.

1          Just give me one moment to go through my notes.

2          Okay.  Discussed that.

3          So, with regards to my plea deal, the plea bargain

4    was enforceable by law the moment that you approved it.  And

5    with any kind of a contract like that, both parties have to

6    live up to the terms.  If I were to violate the conditions of

7    my plea agreement, there would be consequences.

8          But similarly, if the prosecution was to violate

9    any aspects of the plea agreement, then there would also be

10   consequences.  And one of the primary ways that the United

11   States government can violate a plea deal is by contradicting

12   the positions that were a part of the plea deal that they

13   agreed to take.  And that includes on the issues such as

14   probation.

15         So, when we were going through the plea negotiation

16   process, they brought forth special conditions.  And I had an

17   opportunity to reject or to accept this plea deal.  And I

18   decided to accept it.  And now they're trying to add more

19   restrictions, which I didn't accept.  And without any kind of

20   behavioral basis such as a probation violation to justify that.

21         So, it's important also to note that my rights, my

22   fundamental due process rights as a defendant, would trump the

23   regular terms of contract of law.  So actually plea deals are

24   subject to a higher level of scrutiny than a regular contract.

25   And in addition, because the United States government has so

1    much bargaining power, when these kind of conflicts arise,

2    ordinarily the Courts, due to ambiguities, rule in the favor of

3    defendants because they had such a high initial bargaining

4    station from where to make these kinds of conditions and set

5    these things for -- that now that there's an ambiguity,

6    ordinarily the Courts rule in the favor of the defendants

7    because of their numerous disadvantages, particularly

8    considering that I'm proceeding *pro se* at the moment.

9             I have a constitutional right that the terms of my

10   plea deal are enforced in court.  And as far as I can tell,

11   were my plea deal to be modified at the government's request,

12   then that would be a violation without some kind of a due

13   constitutional session toward behavioral basis of that initial

14   plea deal, which I agreed to.  Had these other conditions been

15   in the plea deal, I would have never agreed to the plea deal

16   initially.

17            And by bringing this up now, it's also an

18   implication that you failed to properly sentence me.  This case

19   was adjudicated on August 30th of 2015.  At that time, all

20   relevant memorandums were filed.  The case was litigated, both

21   sides presented their arguments, and all important issues

22   pertaining to sentencing were considered then.

23            And you weighed both sides.  You looked at the

24   facts, and you made your decision.

25            So, had the government wanted to include these

1    terms of probation, why didn't they do so when they had the

2    opportunity at that time?  What has changed significantly now

3    to make them or to grant them a basis for them to now modify

4    the terms of probation?

5            Now, we know due to the plea deal the government is

6    unable to appeal.  So, it's almost as if they're unhappy with

7    the sentencing, but due to their inability to appeal, that they

8    have now gone through and initially filed this informal request

9    to modify, which they have now formalized due to a possible

10   procedural error after reading my motion.

11           So, had they objected to anything with regards to

12   the sentencing or regards to the plea deal, they should have

13   done it at that time, not over five years later.

14           When we look at these kinds of modifications,

15   there's something called the principle of the least restrictive

16   means.  And essentially, all laws and regulations have to be

17   compelling to state interest, to the interests of the federal

18   government, and they also have to be narrowly tailored to

19   achieve that compelling purpose.  That law must use the least

20   restrictive means to implement that narrowly tailored law which

21   is compelling to state interest, so all of that is strict --

22   strict scrutiny.

23           The government's interest, whatever they feel that

24   their interests are, can never supersede fundamental

25   constitutional rights.  These are things which as we know are

1  endowed into people by their Creator and which cannot be

2  removed.  So any interpretation with regards to abridgements of

3  constitutional rights, they have to first overcome that

4  principle of strict scrutiny.

5            So, how exactly do we overcome that principle of

6  strict scrutiny?

7            In order to do so, first of all, I'm not required

8  to prove that the government did not overcome that standard.

9  They were required to prove it, due to the fact that they made

10 this request.  However, I'll go ahead and discuss why they

11 didn't meet the standard of strict scrutiny.  Which is

12 important because the prosecution doesn't have an intrinsic

13 power to modify my sentencing plea deal, which is why we're

14 before the Court, because the matter is for consideration

15 before you.

16           So, my inherent human rights as per the Bill of

17 Rights and for the due process of the fundamental for -- of the

18 Fourteenth Amendment to the Constitution, I believe would be

19 modified and damaged due to this proposal.

20           To pass this strict scrutiny test, there have to be

21 a couple of standards which are met.  So, it has to be the

22 least restrictive means, and there have to be three essential

23 components.

24           First of all, it has to be justified by a

25 compelling government interest, not a speculative government

1   interest; not, Oh, this could happen, or the defendant could

2   possibly commit more crimes.  I committed my crime, I received

3   my sentence, and I completed my prison term.

4              So, speculative things are not direct government

5   compelling interests.  They had to have provide some kind of

6   material compelling interest at this moment in order to abridge

7   my constitutional rights.

8              And furthermore, my rights have to be abridged no

9   more than absolutely necessary.  They have failed to prove that

10  this is absolutely a necessary restriction on my rights more

11  than the two special probation conditions that are already

12  there.

13             I already have Internet monitoring, which I've been

14  comply -- complying with, and I already have financial

15  monitoring, which I've been complying with.  And overall, I've

16  been complying to all the other terms of probation.

17             Furthermore, all of these have to be not just

18  reasonably related, but direct -- but directly related to that

19  compelling government interest, which they have failed to

20  demonstrate that there is a compelling government interest

21  which exists right now.  So, they have necessarily failed to

22  prove that these conditions are directly related to them, and

23  additionally has to be crucial.

24             With regards to the standard of strict scrutiny,

25  what they request has to be crucial, not something simply

1    preferable.  However, it's clear that these are just things

2    that the government would prefer with regards to monitoring.

3    They have not demonstrated these things are crucial with

4    regards to monitoring me, and that's an important distinction

5    to make.

6              So, what are some things that are crucial?

7    Something like a material national security interest or like

8    preserving the lives of large number of individuals or

9    otherwise upholding the rule of law over a large portion of the

10   nation.

11             They haven't given any kind of material basis for

12   why that this is necessary.  Their motion, which I only just

13   read, just recapped the procedural history of this case, which

14   we're all aware of.  And they claim because of my conviction

15   that I need more probation modifica -- more special terms of my

16   probation.  How that's even an argument is beyond me.

17             So, if their action is -- comes as too much or it's

18   overbroad or it fails to address the central aspects of that

19   compelling interest, then it can't be considered narrowly

20   tailored.  And there has just been no material basis or no

21   argument at law in terms of actual law in terms of, you know,

22   the Constitution, Federal Rules of Criminal Procedure, so on

23   and so forth, to justify that.

24             The next thing that I would like to emphasize is my

25   good behavior thus far on probation.

1    There has not been any issues thus far, so how

2  these conditions are narrowly tailored, I'm unsure, but I've

3  been doing fine on probation thus far.  And the purpose of

4  probation is to help me reintegrate back into society and to

5  keep me as a productive member of society.  The more

6  restrictive that it's made, especially if that's unnecessary,

7  it defeats the very purpose of probation.

8    If we continue to just make my probation conditions

9  more and more restricted, then how can we be confident that I

10  won't recidivate?  Isn't it better if there haven't been any

11  issues this far to continue to allow me to do how I'm doing, if

12  there is no compelling interest, which they have failed to

13  prove?

14    So let's look at the elements that they requested,

15  Internet restrictions.

16    I already have Internet restrictions.  I already

17  have Internet monitoring.  I comply with it.  As my probation

18  officer can attest to, whenever there's any kind of issue with

19  the software, I am very prompt and I make sure that I contact

20  them and I stay with them for as long as it takes to make sure

21  that it works and that it's reporting properly.  And it has

22  been reporting properly.

23    So, that's -- I honestly don't even understand why

24  that's even a restriction that they're interested in -- in

25  adding, but --

1    THE COURT:  Well, I'm having a little trouble figuring

2    out what they're really adding.  I thought this was before me

3    for some kind of clarification.

4         I put as a condition of your supervised release

5    that you undergo any computer monitoring or direction of the

6    use subject to the probation officer's direction.  Now,

7    apparently he's directed you not to go to certain -- certain

8    sites and not to talk with certain people and not to possess

9    certain materials.  And that was what I intended for the

10   probation officer to do when I had him monitor you.  Otherwise,

11   there's no use in monitoring you.

12        THE DEFENDANT:  So then the question arises is, why

13   does there need to be material change to my plea deal or to my

14   terms of probation if that's what already is occurring?

15        THE COURT:  Well, apparently you're objecting to doing

16   what the probation officer has directed you to do.  You filed

17   an objection to following these restrictions that he set out --

18   he or she set out.

19        THE DEFENDANT:  No.  I filed an objection to the

20   request that they made to modify my plea deal, because I felt

21   like some of the language which they had in those requests --

22        THE COURT:  Well, you didn't agree in your plea

23   agreement to your conditions of supervised release.  I imposed

24   those.

25        THE DEFENDANT:  Uh-huh.

17

1          THE COURT:  The plea agreement has really nothing to

2    do with the conditions of supervised release that I'm required

3    to impose.

4          THE DEFENDANT:  Well, part of the plea agreement was

5    that the prosecution would request certain things to you at

6    sentencing, and that wasn't -- one of the things that they

7    agreed to request was a particular term of probation with those

8    particular special conditions.  And they did make that request

9    at that time, which they are now modifying.

10          THE COURT:  Well, they requested, but I don't have to

11    follow their request.

12          THE DEFENDANT:  Yes, I understand that.  But my --

13          THE COURT:  I mean, in all of these cases when I --

14    when I impose computer monitoring, a lot of times I will simply

15    leave it to the probation officer and his discretion to impose

16    those conditions.

17               And in drug cases, you don't talk with known drug

18    dealers and don't get on websites that communicate with that.

19    We do it in pornography cases, child pornography cases where

20    you don't go to those websites; you don't have that material.

21               And in your case, all they're saying is, you were

22    convicted, or you pled guilty and was convicted of being

23    involved in terrorist organizations.  And so wouldn't it be

24    just plain common sense that once you're on supervised release,

25    that part of your computer monitoring is that you don't talk

1   with those people again, you don't possess that material, and

2   you don't deal in those things.

3          And the reason you have a probation officer

4   supervising the supervised release is to check and see that you

5   don't get back into the same activity you were in before.  And

6   depending on what crime you have been convicted of and what

7   kind of conduct you did before, your conditions of supervised

8   release is tailored so that the probation officer can check and

9   see that you are complying.

10         And I'm just having trouble with what -- what's

11  going on here.  It seems to me that this was covered.  And the

12  probation officer gave you a list of specifics that you didn't

13  like and you've objected to them, but they seem perfectly

14  reasonable to me.

15         I do it to everybody else.  I don't know why I

16  should make an exception for you, particularly when you've just

17  started on your supervised release.

18         Now, from time to time we've modified those

19  conditions over a period of time, but nobody just gets released

20  and starts on supervised release and then has their situation

21  changed.  I mean, this seems very reasonable to me.

22         THE DEFENDANT:  Well --

23         THE COURT:  I do it in every case.  We do it in every

24  case.

25         THE DEFENDANT:  What you just said was very

1  interesting.  You said nobody starts on supervised release and

2  then just has their situation changed.  But I'm not requesting

3  my -- my probation be modified.  The prosecution is.

4       THE COURT:  Well, you both say -- you both have

5  requested that it be changed, or they requested that it be

6  changed.  And I just really don't see that it's changed.  I

7  mean, if the probation officer had not come in here for these

8  conditions and had told you these conditions were in effect for

9  your computer monitoring and you didn't follow it and they

10  brought you in here on a violation, I would have found that you

11  violated the terms and conditions of your supervised release

12  because you didn't follow the direction and the monitoring that

13  the probation officer required.

14       And, you know, whatever the probation officer says,

15  if you think his interpretation is erroneous, why, you can

16  always petition the Court and make a motion before the Court to

17  have that resolved.  And maybe the interpretation that he's

18  made is wrong, but seems to me this is nothing more than

19  clarifying my ruling.  And if I had taken the time to set out

20  all of the conditions initially, I would have done the same

21  thing.  That's what I do on all of these cases on supervised

22  release.

23       If you've been convicted of doing something, your

24  Internet monitoring is going to require that the probation

25  officer can supervise your Internet use to be sure you're not

20

1   doing the same thing that you were convicted of.  Now, we

2   haven't gone any further than that here at all, so I'm at a

3   loss as to what the problem is.

4           THE DEFENDANT:  And I agree with you.  I believe that

5   the probation terms, as they are, are fine.  I just don't

6   understand why there's a need to change them.  And, you know,

7   I --

8           THE COURT:  Well, that's --

9           THE DEFENDANT:  -- can conclude with that.

10          THE COURT:  They're just not being -- they're just not

11  being changed.  I mean, what they're asking me to do is set

12  these things out in particular.  I figure that the probation

13  officer can determine what these reasonable conditions are to

14  monitor somebody's computer and then I don't have to sit here

15  and think about all of the specific conditions to computer

16  monitoring.

17          Maybe sometime I'm going to have to start doing

18  that, just at sentencing sit here and spend an extra ten

19  minutes going over each and every little condition of what you

20  can and cannot do on the computer, but it doesn't seem like I

21  ought to have to do that.

22          But you're going to have to -- you're just going to

23  have to subject yourself to the monitoring and be able to check

24  and see what websites you're using.  You've got to stay off of

25  those that you can't check, and you can't have any of that

1   material that you were convicted of being involved in

2   previously.  And we've got to be able to check and see that

3   that's the -- that that's the case.  And that's perfectly

4   reasonable considering the nature of the offense and the

5   activity you were involved in.

6           I mean, how -- why have supervised release if

7   you're not going to check and see if people are abiding by, not

8   getting back into the same activity they were in before?

9           THE DEFENDANT:  Well, I appreciate your time, sir.

10  That's all I have to say.  Thank you.

11          THE COURT:  All right.

12          Now, do I need to go ahead and enter an order

13  putting all these particulars in -- in this?

14          MR. HAMMERSTROM:  Your Honor, this whole matter arose

15  when probation asked that the conditions be modified.  But when

16  I look at -- I think the Court's original direction for

17  supervised release was that defendant should be subject to any

18  screening or monitoring of Internet use as directed by the

19  probation officer.  So this is -- these are conditions that the

20  probation officer wants to impose under that broad authority

21  given by the Court, and the defendant just doesn't agree that

22  he has to be subject to these things.

23          And contrary to what he said when he started off

24  his argument, there is statutory authority for modifying

25  conditions of release under 18, U.S.C., Section 3583(e).

1          It says, The Court may modify, reduce, or enlarge

2    the conditions of supervised release at any time prior to the

3    expiration or termination of the term of supervised release.

4          He's on a lifetime term of supervised release.  And

5    if the probation officer needs to modify or drill down on some

6    of the conditions to make sure he's in compliance, I think

7    that's perfectly reasonable.  We need to give probation a lot

8    of deference in these types of situations.

9          As the Court pointed out, this was not part of any

10   plea deal.  You know, the supervised release was imposed by

11   you.  And probation has a responsibility to make sure that this

12   defendant and all defendants abide by the law.  And if he

13   thinks that these conditions or these, you know, added special

14   parts of the -- or of supervised release are necessary to

15   ensure that he's in compliance with the law, I think he should

16   be given latitude to carry that out as long as everything is

17   tied to the 3553 factors, which these are.

18          THE COURT:  All right.  Well, the question is, do I

19   need to start putting in my orders all of these conditions of

20   these people?  We can get down to what time they're going to

21   report to the probation office.  I mean --

22          MR. HAMMERSTROM:  No, I don't think you do, Your

23   Honor.  I think you -- as you had in the original order it's as

24   directed by the probation officer.  You've given that authority

25   to the probation officer.

1        THE COURT:  Well, that's my understanding.

2            And I hope you understand now what we're doing

3   here.  This is not any enlargement of anything other than what

4   I would have expected and what's done in the ordinary case.

5   And I don't see any reason -- why, you're just going to have to

6   comply with the reasonable conditions of the probation officer.

7            I find what he set out here to be perfectly

8   reasonable, and I would just do, and do in every case that

9   comes along.  So, I think this resolves the issue.  I hope it

10  resolves the issue.

11           Now, as the government says, they or you can come

12  from a modification of those conditions or if you-all can't get

13  together on conditions, it seems -- what has been presented

14  here to me by the probation officer is perfectly reasonable,

15  and it's happening in all the cases that are coming in here

16  before me and I would suspect everybody else in the building.

17           All right.  Thank you.  Best of luck to you.

18       THE DEFENDANT:  Appreciate it.  Thank you, sir.  Have

19  a nice day.

20       THE COURT:  We'll stand in recess until 10:00 o'clock.

21       THE LAW CLERK:  All rise.

22       (PROCEEDINGS CONCLUDED AT 9:34 A.M.)

23                         -oOo-

24

25

24

1   UNITED STATES DISTRICT COURT    )

2   EASTERN DISTRICT OF VIRGINIA    )

3

4           I, JULIE A. GOODWIN, Official Court Reporter for

5   the United States District Court, Eastern District of Virginia,

6   do hereby certify that the foregoing is a correct transcript

7   from the record of proceedings in the above matter, to the best

8   of my ability.

9           I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action in

11  which this proceeding was taken, and further that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14          Certified to by me this 20TH day of DECEMBER, 2022.

15

16

17

18          __/s/_____

            JULIE A. GOODWIN, RPR
19          Official U.S. Court Reporter
            401 Courthouse Square
20          Eighth Floor
            Alexandria, Virginia  22314
21

22

23

24

25

Julie A. Goodwin, CSR, RPR