IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

FEB 13

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) ) ) No. 1:15-CR-164 |
| ALI SHUKRI AMIN, | ) |
| Defendant. | ) |

PROTECTIVE ORDER

Upon joint request of the United States and the defendant, and the Court having found, based upon the applicable federal rules and statutes, that there is good cause for restricting the disclosure and dissemination of documents and information produced and to be produced by the United States to the defendant as part of its discovery obligations in this case, it is hereby:

ORDERED that as used in this Order, the term "Protected Materials" means materials that are produced to the defense by the government as part of discovery;

ORDERED that the government shall disclose Protected Materials to the defendant's attorneys as necessary to comply with its discovery obligations;

ORDERED that, to designate material covered by this Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on digital storage media cover or label, by using the following designation: "PROTECTED MATERIAL";

ORDERED that access to Protected Materials shall be restricted to persons authorized by this Order; namely the defendant and the following individuals: defense counsel (herein defined as counsel of record in this case), and any attorneys, paralegals, assistants, law clerks, investigators, experts, translators, litigation support personnel, secretarial staff, or third-party

1

contractors employed by defense counsel and performing work on behalf of the defendant (hereinafter, "authorized persons" or the "defense team");

ORDERED that the following restrictions are placed on the individuals described in the preceding paragraph, unless and until further ordered by the Court. These individuals shall not:

a. make copies of Protected Materials for, or allow copies of any kind to be made by, any other person, except that defense counsel may make reproductions of Protected Materials to disclose to any authorized persons working as part of the defense team on this case for the purpose of preparing to defend the defendant against the charges filed in this case. Any copies made pursuant to this exception are governed by the terms of this Protective Order;

b. allow any other person to read Protected Materials. However, as necessary in preparing to defend against the allegations in the Petition on Supervised Release, materials designated as Protected Material may be shown to a witness;

c. use the Protected Materials or any information contained therein for any purpose other than preparing to defend against the allegations in the Petition on Supervised Release; or

d. file the Protected Materials with, or submit them to, the Court, or reproduce their contents in any court filing, unless (1) the document or filing is placed under seal, (2) the government provides its explicit consent to the public filing of the materials prior to such filing, or (3) the Court authorizes the public filing of the materials prior to such filing;

ORDERED that Protected Materials may not be left in the custody or control of the defendant at any jail or prison except as authorized by this Order. Additionally, the defendant is prohibited from reviewing any Protected Materials outside the presence of any person authorized by this Order except as authorized herein. Protected Materials may be left with the defendant at the Alexandria Detention Center provided the material is: (1) hand-delivered by a person

2

authorized by this Order, (2) clearly marked with a Bates number and contains a cover page stating "Confidential Protected Material – Not to Be Copied, Disseminated or Read by Any Unauthorized Person," (3) is returned (by hand) by the defendant to a person authorized by this Order within seven days of the defendant's receipt of the material, and (4) tracked and recorded by reference to the Bates number(s) to ensure that, with respect to the delivery and return of the material, all of the pages of the material are accounted for. Further, defense counsel shall make any additional redaction of the material requested by the government before the material is delivered to the defendant. In addition, before the defendant receives any Protected Materials, counsel for the defendant must explain to him the terms of this paragraph and the restrictions imposed herein.

ORDERED that the defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order;

ORDERED that nothing in this Order shall restrict the use or introduction as evidence by the defendant's attorneys of Protected Materials during, or in preparation for, the supervised release revocation hearing of this matter, except that the defense team will notify the government prior to such hearing of any contents of the discovery materials that it wishes to introduce at the hearing so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. The defendant's attorneys must redact any information described above in the Protected Materials in accordance with FED. R. CRIM. P. 49.1;

ORDERED that upon conclusion of this action, to the extent it is consistent with the ethical responsibilities of defense counsel, the defendant's attorneys shall return to the attorneys for the government, or destroy and certify to the attorneys for the government the destruction of,

3

all Protected Materials within a reasonable period of time, not to exceed thirty days after the last appeal is final or any collateral proceedings, unless the Court extends such deadline for good cause shown; and

ORDERED that this Order shall not prevent any party from seeking modification of these terms or from objecting to discovery, or lack thereof, that it believes to be otherwise improper.

Date: Feb. 13, 2023
Alexandria, Virginia

/s/ Claude M. Hilton
Honorable Claude M. Hilton
United States District Judge

WE ASK FOR THIS:

Jessica D. Aber
United States Attorney

By: /s/
Thomas W. Traxler
Gavin Tisdale
Assistant United States Attorneys

/s/
Jessica Carmichael
Counsel for Defendant

4