UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Ali Shukri Amin</u>　　　　　　　　　　　　　　　　　　Docket No. <u>1:15CR00164-001</u>

### Addendum to
### Petition on Supervised Release

| | |
|---|---|
| **CONDITION 9:** | ASSOCIATION WITH A PERSON CONVICTED OF A FELONY WITHOUT THE PERMISSION OF THE PROBATION OFFICER. |

On March 17, 2023, the undersigned was presented with information from the Federal Bureau of Investigation (FBI) that, in addition to his communications with John Walker Lindh as detailed in the petition submitted on January 3, 2023, Mr. Amin has had communications with 7 additional known convicted felons. This information was gleaned from the FBI's forensic analysis of the defendant's computer.

A review of Mr. Amin's communications by the FBI confirmed the defendant had correspondence with Aldurahman Alamoudi. Mr. Alamoudi appeared before Your Honor on October 15, 2004, for sentencing subsequent to conviction on charges of Prohibited Financial Transactions with Libya, in violation of Title 50, U.S.C., § 1705(b); Unlawful Procurement of Naturalization, in violation of Title 18, U.S.C., § 1425(a) and Corrupt Endeavor to Impede the Administration of the Internal Revenue Laws, in violation of Title 26, U.S.C., § 7212(a).

(Continued on Page 2)

**ORDER OF COURT**

Considered and ordered this __27th__ day of __Mar__, __2023__, that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case.

_____
Claude M. Hilton
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __March 21, 2023__

**Frank Weaver**
Digitally signed by Frank Weaver
Date: 2023.03.21 15:58:00 -04'00'

Frank Weaver
Senior U.S. Probation Officer
(703) 366-2118

Place __Manassas, Virginia__

**TO CLERK'S OFFICE**　　　　　　　　　　　　　　　　　　　　　　　　DF-69 (Rev. 02/20)

USA vs. AMIN, Ali Shukri                                              Docket No.: 1:15CR00164-00
Page 2

Mr. Alamoudi was sentenced to a period of 276 months of incarceration followed by a 3 years of supervised release. Information provided by the FBI indicated Mr. Alamoudi and the defendant communicated regularly between May 2020 and January 10, 2023. This officer notes Mr. Amin was released from the custody of the Bureau of Prisons on May 4, 2020, which would indicate Mr. Amin communicated with a convicted felon shortly after his release and disregarded this condition of his supervised release. At the time of this writing, Mr. Amin's communications with Mr. Alamoudi are under review by an FBI linguist as much of his communication was done in a foreign language over a communication platform known as Signal.

In addition to his contact with Mr. Alamoudi, the FBI's investigation revealed Mr. Amin had communication via Signal, Telegram and WhatsApp with Zubair Ahmed. Mr. Ahmed was convicted of Material Support to Terrorists, in violation of Title 18, U.S.C., § 2339(a) by the Northern District of Ohio and appeared for sentencing on July 12, 2010. Mr. Ahmed was sentenced to 120 months of imprisonment followed by 3 years of supervised release. The majority of Mr. Amin's communications with Mr. Ahmed appeared to be conducted through unapproved chat platforms.

In conjunction with their investigation the FBI conducted a check with the Bureau of Prisons which confirmed Mr. Amin, Mr. Alamoudi and Mr. Ahmed were housed together in the Federal Correctional Institute in Ashland, Kentucky. It was believed by FBI agents that this is where Mr. Amin's relationship with these individuals started.

**CONDITION 3:** **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER-USE OF INERNET RELAY CHATS OR NEWSGROUPS TO PARTICPATE IN ANY ONLINE SOCIAL ENVIRONMENT (I.E. FACEBOOK, TWITTER, SECOND LIFE, LINKEDIN, CRAIGSLIST, FACTIME, WHATSAPP, INSTAGRAM, VIDEO/AUDIO, ETC.) OR TEXTING APPLICATIONS, WHICH ALLOW THE USER INTERACTION UNLESS PRE-APPROVED AND AUTHORIZED BY THE PROBATION OFFICER AND THE COURT.**

On July 24, 2020, the undersigned met with Mr. Amin and instructed him to refrain from communicating in accordance with this directive unless otherwise approved by the Probation Office and the Court. As previously mentioned, during the FBI's investigation of Mr. Amin's seized computer, it was learned Mr. Amin had frequent correspondence with known felons. To facilitate his interactions, Mr. Amin frequently utilized Signal, Telegram and WhatsApp for his communications. This officer notes these platforms and chat applications were never approved by the Probation Office.

| | |
|---|---|
| USA vs. AMIN, Ali Shukri | Docket No.: 1:15CR00164-00 |
| Page 3 | |

| | |
|---|---|
| **CONDITION 3:** | **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER - ONLINE COMMUNICATION RESTRICTIONS:** <br> **WRITTEN ONLINE COMMUNICATIONS, IF ANY, SHALL BE CONDUCTED IN THE ENGLISH LANGUAGE, UNLESS YOU RECEIVE THE APPROVAL OF THE SUPERVISING PROBATION OFFICER AND/OR THE COURT.** |

On July 24, 2020, the undersigned met with Mr. Amin and instructed him to refrain from communicating in accordance with this directive unless otherwise approved by the Probation Office and the Court. As previously stated, during the FBI investigation of Mr. Amin's seized computer it was learned Mr. Amin frequently corresponded in a language other than English when speaking to individuals online. This information was provided to the Probation Office on March 17, 2023, at which time this officer was advised Mr. Amin's communications were currently being reviewed by a linguist.

FJW/cmf

**TO CLERK'S OFFICE**                                                                                       DF-69 (Rev. 02/20)