EIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cr-164 |
| | ) | |
| ALI AMIN | ) | |
| | ) | |
| Defendant. | ) | |

## ALI AMIN'S MOTION FOR RETURN OF PROPERTY

Ali Amin, by counsel, under Rule 41(g) moves to for the return of his property that was seized pursuant to a non-criminal supervised release violation.

### I.   Background

Mr. Amin was arrest on January 11, 2023 for alleged violations of his supervised release. During his arrest, the FBI seized numerous items from his home, mostly electronic devices. The FBI conducted a forensic analysis of some of those items and used evidence derived from those findings during litigation on the supervised release violation matter.

At Mr. Amin's supervised released violation hearing on March 30, 2023, Mr. Amin stipulated to one of the violations, and admitted the facts underlying the other alleged violations, but asserted several legal arguments in defense of finding a violation. The Court found that Mr. Amin violated his conditions of supervision with respect to all of the violations and the Court imposed a sentence of 12 months incarceration to be followed by a lifetime of supervision. *See* ECF No. 80. Mr. Amin appealed the judgment. *See* ECF No. 84.

## II. The FBI seized items that cannot be subject to criminal or civil forfeiture.

While Mr. Amin's supervised release matter was pending, the FBI mailed a letter to him at the jail where he was incarcerated explaining that it was initiating administrative forfeiture of nineteen of items (hereinafter the "Group A items"). *See* Exhibit 1. Counsel, on behalf of Mr. Amin filed online claims on March 31, 2023 and a duplicate claim on April 5, 2023 to contest the FBI's forfeiture of those Group A seized items. *See* Exhibits 2-A & 2-B.[1] In April 2023, counsel received a form letter from the FBI Washington Field office claiming that the April 5 duplicative claim was deficient; importantly, however, the FBI made no mention of the March 31st claim. Counsel responded by submitting a third duplicate claim to the FBI on May 4, incorporating all prior claims regarding the Group A items—also identified internally as FBI Asset ID 23-FBI-002856. *See* Exhibit 3. Again, the government has not sent deficiency notices regarding either the March or May claims.

Since Counsel's third and last duplicative claim, the government has not filed a complaint for civil forfeiture within the required 90-day period prescribed in 18 U.S.C. § 983(a)(3), which, calculating it in the way most favoring the government, ended on August 2, 2023. Under 18 U.S.C. § 983(a)(3), the U.S. Attorney's Office was required, within 90 days from May 4, 2023,[2] to file a complaint for forfeiture or

---

[1] One letter was sent to Mr. Amin's residence, the other two the jail. Out of an abundance of caution, counsel for Mr. Amin filed a claim under both letters' Notice ID numbers—respectively 432167 and 432166.

[2] Mr. Amin gives the government the benefit of the doubt and uses the later of three possible dates to calculate the requisite time period.

(1) "obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and (2) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute, [or] the Government shall promptly release the property...." "[T]he 90-day deadline for the government to file a complaint for forfeiture is mandatory and should be strictly construed against the government." *Id.* at *11. *Accord U.S. v. $229,850.00 in U.S. Currency*, 50 F. Supp. 3d 1171, 1176 (D. Ariz. 2014); *U.S. v. One 2007 Harley Davidson Street Glide Motorcycle*, 982 F. Supp. 2d 634, 640-41 (D. Md. 2013). *See also U.S. v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987)("If anything, the burden on the government to adhere to the procedural rules [when it seeks forfeiture] should be heavier than on claimants.'). "Courts have dismissed cases when the government has missed the filing deadline even by a day or two." *U.S. v. 2014 Mercedes-Benz GL350BLT*, 2016 U.S. Dist. LEXIS 19401, at *12 (M.D. Ala. Feb. 18, 2016)(collecting cases). Thus, because 90 days have now passed since Mr. Amin filed his claim to the property, under the law the FBI must release all of the Group A items to him.[3]

A separate group of seized items (hereinafter "Group B items") are still being held by the government and were not listed in the FBI's administrative forfeiture

---

[3] Since Mr. Amin is currently incarcerated he authorizes his mother, Amani Ibrahim, to accept custody of them.

letter.[4] It is Mr. Amin's understanding that the government is not seeking forfeiture of the Group B items, nor could they. This property is not subject to criminal forfeiture because Mr. Amin was not convicted of a criminal offense related to this property (not even Mr. Amin's violations alleged any criminal conduct). *See Violation Petitions*, ECF Nos. 43, 73. Even if it were a criminal offense, forfeiture would be prohibited under Federal Rule of Criminal Procedure 32.2 because there was never an information or indictment containing notice to Mr. Amin that the government would "seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Nor was the forfeiture of Group B items a part of a criminal judgment. *See Judgment and Commitment Order on Revocation of Supervised Release*, ECF No. 80.[5]

The government cannot now initiate civil forfeiture proceedings for this property because more than 60 have lapsed since the seizure of the Group B items and the government provided no written notice to interested parties as required under 18 USC § 983(a)(1)(A). Thus, under § 983(a)(F), "the Government **shall return the property**…." (emphasis added).

---

[4] It is unclear exactly what items constitute Group B items because although a search warrant inventory was left at Mr. Amin's residence after the seizure, upon information and belief, the seizure included more than the items lists. Thus, for the purposes of this motion, Mr. Amin seeks the return of all of his property that law enforcement seized on January 11, 2023 that is not listed in the administrative forfeiture notice for which Mr. Amin already submitted a claim.

[5] This argument applies to the Group A items as well, however, analyzing the Group A items under this framework is unnecessary since the government has already missed its 90-day deadline with respect to the Group A items.

4

### III. Rule 41(g) demands a return of Mr. Amin's property.

Instead of alleging that the Group B items are subject to forfeiture, the government has informally indicated that its continued possession of the seized Group B items is based on an ongoing criminal investigation. Mr. Amin's supervised release violation (for conduct that did not constitute any criminal offense) however, has ended. The government has provided no indication of the nature of this alleged criminal investigation nor any timeline for when this criminal investigation might conclude to trigger release of Mr. Amin's property.

Mr. Amin now seeks return of his property pursuant to the general equity jurisdiction of the Court, under controlling case law interpreting the forfeiture statutes, and Federal Rules of Criminal Procedure, Rule 41(g), which provides:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property, may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"The government may retain seized property for a reasonable time before instituting criminal proceedings, but that the need for continued retention should be evaluated for reasonableness (weighing the competing interests) in light of less drastic means…." *Krimstock v. Kelly*, 464 F.3d 246, 248 (2d Cir. 2006). The Advisory Committee's Note to the 1989 amendment to Rule 41(g) explains that "if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." *Committee Note to*

*1989 Amendment* at 28, 124 F.R.D. at 426; *In re Search of Kitty's East*, 905 F.2d 1367, 1371 (10th Cir. 1990).

In *In re Smith*, 281 U.S. App. D.C. 154, 888 F.2d 167, 168 (1989), the D.C. Circuit held that the "existence of an ongoing grand jury proceeding, without more, a sufficient basis for withholding the money seized." To the government's assertion that the money was evidence in an investigation, the court further explained that "while money may have evidentiary value, for it to be relevant evidence, 'there must, of course, be a nexus . . . between the [money] and criminal behavior. Thus in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence . . . will aid in a particular . . . conviction.'" *Id.* (citing *Warden v. Hayden*, 387 U.S. 294, 307 (1967)). The court held that "such a finding has not been made in this case. In fact, there is no proof, beyond the government's bald assertion, that the money seized is relevant evidence in an ongoing grand jury proceeding." Therefore, the D.C. Circuit found that there was "nothing in the record" to "justify withholding Smith's money." *Id.* (citing *United States v. Wright*, 610 F.2d 930, 939 (D.C.Cir. 1979)(noting that the seizure of property from a person is *prima facie* evidence of that person's entitlement to the property)); *see also U.S. v. Premises Known As 608 Taylor Ave.*, 584 F.2d 1297, 1302 (3d Cir. 1978) ("a court must weigh the interest of the government in holding the property against the owner's rights to use the property.").

Mr. Amin is entitled to the seized property (both Groups A and B) as it was taken from his home. *See Wright*, 610 F.2d at 939 (seizure of property from a person

6

is *prima facie* evidence of that person's entitlement to the property). Mr. Amin also has significant interests in the property. The electronics contain voluminous legitimate information important for Mr. Amin's daily life. He used many of these devices for employment, education, religious, and professional purposes. He stored information such as medical, financial, and personal files on his computer and hard drive. *See e.g. United States v. Gladding*, 775 F.3d 1149, 1150 (9th Cir. 2014)("Many people store every aspect of their lives on electronic devices. Those devices are brimming with correspondence, schedules, photographs, and music. As a result, a crashing computer or a lost smartphone can lead to catastrophic results for a person who failed to back up that data; the only record for years of a person's life can be lost in an instant."). Mr. Amin also has an interest in his own personal writings, correspondence, handwritten notes, financial documents, and religious literature, as well as the recreational materials such as video game consoles seized from his home.

      None of this material contained contraband such as child pornography, but even if it had, this would not be a reason to deny its return carte blanche. *See id.* ("Criminals who possess child pornography are no different. Those criminals may likewise store important aspects of their lives on their electronic devices. But along with the normal risks of losing their personal data, such criminals also risk losing that personal data when the government seizes their devices for evidence of child pornography.").

In accordance with the Advisory Committee's Note, "if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." This is especially true for Mr. Amin's situation because all of the property can be copied and the government can retain those copies for its purposes. If the government is concerned about the return of electronic devices with ISIS propaganda on them, albeit not contraband, any such material can be deleted before the return.

Finally, the government's interest itself lacks appropriate justification. The government informally referenced a vague "investigation." Yet, Mr. Amin's matter is over. He was already adjudged to be in violation of his terms of supervision on the basis of non-criminal violations and there has been no indication that Mr. Amin was engaged in criminal activity. Like in *Smith*, "there is no proof, beyond the government's bald assertion, that the [property] is relevant evidence in an ongoing grand jury proceeding." 888 F.2d at 168. Thus, there is "nothing in the record" to "justify withholding" Mr. Amin's property. *Id.*

To the extent the government may claim a need to retain the seized Group B items through Mr. Amin's appeal, Mr. Amin does not object to this position, but seeks a Court Order requiring that the government preserve the seized Group B items and that they be released immediately after Mr. Amin's post-judgment options have been exhausted.

A proposed Order is attached.

## IV. Conclusion

For the reasons stated above, Mr. Amin respectfully requests that this Court order the government to return Mr. Amin's property.

                                          Respectfully submitted
                                          ALI AMIN
                                          By Counsel
                                          CARMICHAEL ELLIS & BROCK, PLLC
                                          _____/s/_____
                                          Jessica N. Carmichael, Esq.
                                          Virginia Bar No. 78339
                                          Zachary A. Deubler, Esq.
                                          Virginia Bar No. 90669
                                          Counsel for Defendant
                                          108 N. Alfred Street, First Floor
                                          Alexandria, Virginia 22314
                                          (703) 684-7908
                                          jessica@carmichaellegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2023 I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

_____/s/_____
Jessica N. Carmichael